424 So.2d 434 (1982)
Otto KALTENBACHER, Husband of/and Emma Kaltenbacher
v.
JEFFERSON PARISH SERVICE DISTRICT # 2 d/b/a East Jefferson General.
No. 5-316.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Rehearing Denied January 17, 1983.
Amberg & Whittington, Ltd., Joseph B. Amberg, Jr., Harahan, for plaintiffs-appellants.
Mmahat, Gagliano, Duffy & Giordano, Lucas J. Giordano, New Orleans, for defendant-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
In this medical malpractice case, plaintiff appeals from the trial court's sustaining of a plea of prescription. We must determine what is considered as "issuance" of the medical review panel opinion for purposes of commencing (again) the prescription on a medical malpractice claim under La.R.S. 40:1299.47 A. We find that prescription commences (again) for purposes of the Medical Malpractice Act upon the plaintiff's receipt of the medical review panel's opinion by certified or registered mail. We reverse.
Louisiana's Medical Malpractice Act requires that an action against a health care provider covered by the Act be first presented to a medical review panel. La. R.S. 40:1299.47 B. By filing a claim with the medical review panel, the prescription of La.R.S. 9:5628 is suspended until 90 days following the "issuance" of the opinion by the medical review panel. La.R.S. 40:1299.47 A.
*435 In this case, the opinion of the medical review panel was rendered in July 1980 but was not sent to plaintiff's attorney by regular mail until September 7, 1980. Because plaintiff's attorney had moved and his mail apparently not forwarded, the attorney did not know of this opinion until February 9, 1981. On May 7, 1981, the chairman of the medical review panel sent a copy of the opinion by certified mail to all the involved parties and attorneys as required by R.S. 40:1299.47 J.[1] This suit was filed July 31, 1981. It was met by a plea of prescription. Defendant contends that this claim has prescribed since plaintiff had actual knowledge of the panel's opinion in February 1981 which would make the July 31, 1981 suit far outside the 30 days and remaining amount of time left on the prescriptive period for plaintiff. Plaintiff, however, contends that the date of receipt of the reissued medical review panel opinion properly sent by registered or certified mail should be the time in which to compute the additional 90 day period and the remaining time left in the prescriptive period.
We note that the pertinent provision of La.R.S. 40:1299.47 A states "the filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this part, until 90 days following the issuance of the opinion by the medical review panel." (Emphasis added.) In its ordinarily understood meaning, issue, of which issuance is a derivative, is "the act of sending forth, emitting or promulgating." See Black's Law Dictionary 745 (5th ed. 1979); State ex rel Robinson v. Blackburn, 367 So.2d 360, 363 (La.1979). Importantly R.S. 40:1299.47 J provides "[t]he chairman shall submit a copy of the panel's report to the commissioner and all parties and attorneys by registered or certified mail within five days after the panel renders its opinion." By inclusion in the Medical Malpractice Act of a provision specifically outlining the manner in which notice should be sent, we think it is the intention of the legislature that that particular means of notice constitute "issuance" of the medical review panel opinion. Certified or registered mail provides proof that plaintiff has received notice of the opinion and a definite time in which to determine the remaining time left for filing suit.
For the reasons stated above, we overrule the exception of prescription and remand this case for further proceedings. The costs of this appeal are assessed to defendant-appellee; any costs at the trial court level arising from the adjudication of this exception of prescription are also assessed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] The record does not indicate the exact date this opinion was received by plaintiff; however, this omission does not affect this opinion since the July 31, 1981 filing of suit is within the prescriptive period.