496 So.2d 519 (1986)
Doris Marie GUIDROZ, et al.
v.
Dr. Julius H. MULLINS, Sr., et al.
No. CA 85 0822.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*520 Russ M. Herman, New Orleans, and Frank L. Leteff, Baton Rouge, for plaintiffs-appellant Doris Marie Guidroz, et al.
Vickie M. Crochet, Baton Rouge, for defendants-appellees Dr. Claude Baker, Dr. Stephen Chatelain and Dr. Julius Mullins, Sr.
Donald S. Zuber, Baton Rouge, for Woman's Hosp.
Felix R. Weill, Baton Rouge, for Baton Rouge General Hosp.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment in favor of defendants, Dr. Steven Chatelain, Dr. Claude Baker, Woman's Hospital and Baton Rouge General Hospital, which granted their peremptory exceptions of prescription.
Plaintiff, Doris Guidroz, contends that she was injured by the negligence of defendants in 1980 and 1981. On July 22, 1981, she filed a claim with the Medical Review Board requesting that a panel be formed to review her claim. A panel was formed on October 10, 1983, and rendered a decision in favor of Dr. Mullins on December 16, 1984. Plaintiff subsequently filed suit on February 15, 1985, against Dr. Mullins and the above-named defendants seeking damages for their alleged negligence and malpractice.
Dr. Chatelain, Dr. Baker, Woman's Hospital and Baton Rouge General Hospital filed peremptory exceptions of prescription and dilatory exceptions of prematurity. The trial court sustained the peremptory exceptions and did not rule on the prematurity issue.
Plaintiff appeals alleging that a claim filed with the Medical Review Board interrupts prescription as to all solidary obligors and that LSA-R.S. 40:1299.41(G)[1] should not be applied retroactively.
The primary issue in this case is whether a claim filed with the Medical Review Board against one qualified health care provider interrupts prescription as to all other qualified health care providers who are solidarily liable with the initial health care provider. La.Civ. Code art. 2097[2] provides:

Art. 2097. Interruption of prescription
A suit brought against one of the debtors in solido interrupts prescription with regard to all. (Emphasis ours).
Moreover, in Ferguson v. Lankford, 374 So.2d 1205, 1208 (La.1979), the supreme court stated:

*521 In order now to say that a claim, timely filed against health care providers, one "qualified" and one not "qualified," interrupts prescription running in favor of both, it would be necessary to hold that a proceeding under the Medical Malpractice Act is equivalent to a suit. It is not.
Suit against one solidary obligor will interrupt prescription as to all; filing a claim under the Medical Malpractice Act will not interrupt prescription against solidary obligors who are not "qualified" under the act.
After a thorough reading of the Medical Malpractice Act, it is clear that it was not the intention of the legislature to allow interruption of prescription in a case such as we are presented with here. It is important to note that the act does not refer to interruption of prescription, but only suspension of prescription. Therefore, in light of the above, we are of the opinion that a claim filed with the medical review board against one health care provider does not interrupt prescription as to other qualified health care providers who may be solidarily liable with him, except suspension as provided by LSA-R.S. 40:1299.41(G). Such a claim is not the same as a suit. We find that plaintiff's claim for damages against Drs. Chatelain and Baker, Woman's Hospital and Baton Rouge General Hospital in the present matter has prescribed under LSA-R.S. 9:5628(A).[3]
Any discussion on the retroactivity of R.S. 40:1299.41(G) is pretermitted. If this statute was not to be applied retroactively, then there was no provision in effect at the time of the alleged acts of malpractice to allow suspension of prescription for solidary obligors based solely on the filing of a claim against one. And if the statute was retroactive, then plaintiff did not follow the guidelines of the statute.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.
LANIER, J., concurs.
NOTES
[1] LSA-R.S. 40:1299.41(G) provides:

Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obligor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen. Added by Acts 1981, No. 792, § 1, eff. Sept. 1, 1981.
[2] References to the Civil Code in this opinion relate to its appearance prior to its revision by Acts 1984; No. 331, § 1.
[3] § 5628. Actions for medical malpractice

A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.