CARTER, Judge.
This is an appeal from the trial court’s judgment sustaining a peremptory exception raising the objection of prescription.
FACTS
This is a suit arising under the Louisiana Medical Malpractice Act, LSA-R.S. 40:1299.41 et seq., in which appellants, William and Gwendolyn Simon, individually and on behalf of their minor child, Ebony Denise Simon, allege that, as a result of the negligence of Dr. William Haile and Woman’s Hospital Foundation (Woman’s Hospital), their child was born with cerebral palsy. Appellants commenced this action against Dr. Haile and his insurer, Louisiana Mutual Insurance Company, on April 6, 1983, by requesting the formation of a medical review panel pursuant to the provisions of LSA-R.S. 40:1299.41 et seq. The parties selected Robert Hoover to serve as the attorney chairman for the panel. Thereafter, the first two doctors for the panel were selected. The record is unclear as to the date on which the third member *588 of the panel, Dr. Billy Penn, was selected, thereby completing the panel.
Both parties stipulated that the medical review panel was formed by the selection of Dr. Penn sometime prior to October 4, 1985, but that notice of the formation of the medical review panel was not received until October 9, 1985, via regular mail.
Thereafter, on January 6, 1986, appellants amended their original petition, adding Woman’s Hospital as an additional defendant pursuant to LSA-R.S. 40:1299.-41(G). On February 5, 1986, Woman’s Hospital filed a peremptory exception raising the objection of prescription. In support of their exception, Woman’s Hospital reasoned that the prescriptive period began to run under LSA-R.S. 40:1299.41(G) on October 4, 1985, upon the selection of Dr. Penn as the third member of the panel. Woman’s Hospital further reasoned that appellants' action had prescribed in that the amended petition was not filed until January 6, 1986, more than ninety days after the formation of the panel, citing LSA-R.S. 40:1299.41(G).
Appellants filed an opposition to the exception, contending that LSA-R.S. 40:1299.-47(C)(4) requires that notice of the formation of the panel be communicated to the parties by certified or registered mail and that receipt of such notice is a prerequisite to the commencement of the prescriptive period in LSA-R.S. 40:1299.41(G). Appellants reason that, as ninety days had not elapsed from the date of receipt of notice, their action had not prescribed.
At the hearing on the exception, the trial court maintained the exception finding that the prescriptive period began to run upon formation of the panel (the panel having been formed on or before October 4, 1985, the date on which notice was mailed) and that more than ninety days had elapsed when appellants filed their amended petition.
Appellants applied to this court for supervisory writs which were denied on June 10,1986; the proper remedy was by appeal. LSA-C.C.P. arts. 1841, 2083. Thereafter, on June 20, 1986, appellants perfected the present appeal.
DISCUSSION
The sole question before us is whether the prescriptive period set out in LSA-R.S. 40:1299.41(G) runs from formation of the medical review panel or receipt of notice of the formation of the panel.
The applicable statutory provisions are as follows:
LSA-R.S. 40.1299.41(G) states:
Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obli-gor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.
LSA-R.S. 401299.47(C)(4) provides:
When the medical review panel is formed, the chairman shall within five days notify the commissioner and the parties by registered or certified mail of the names and addresses of the panel members and the date on which the last member was selected.
In this case, the date on which the third member of the panel was selected and the panel thereby deemed formed is not clear. However, it is undisputed that notice of the formation of the panel was sent to all parties by the chairman via regular mail on October 4, 1985. Notice was received by the parties on October 9, 1985. Further, the amended petition was filed on January 6, 1986.
We note that the pertinent provisions of LSA-R.S. 401299.41(G) state “the running of prescription ... shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in *589 solido obligor ... within the ninety day period.” The “panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.” Importantly, LSA-R.S. 40:1299.-47(C)(4) requires notice of the formation of the panel by certified or registered mail within five days of the selection of the last member. By inclusion in the Medical Malpractice Act of a provision specifically outlining the manner in which notice should be sent, it was the intention of the Legislature that the particular means of notice, coupled with the selection of the third member, constitutes the “formation” of the medical review panel. Certified or registered mail provides proof that the plaintiff has received notice of the formation of the panel and provides a definite time in which to determine the time remaining for filing suit.
In Kaltenbacher v. Jefferson Parish Service District #2, 424 So.2d 434 (La. App. 5th Cir.1982), the court interpreted the “issuance of the opinion” of the medical review panel under LSA-R.S. 40:1299.47(A) to mean receipt by the plaintiff of the opinion of the panel by registered or certified mail. The court in Kaltenbacher explained that certified or registered mail provides proof that the plaintiff has received notice of the opinion and also provides a fixed point from which to determine the time left for filing suit.
For the purposes of the running of prescription, under the Medical Malpractice Act, it should not make any difference whether the “issuance of the opinion” or the “formation of the panel” triggers the running of prescription. Unless the notice requirements have been met, the prescriptive period does not commence to run.
Therefore, we find that the ninety day prescriptive period had not run when appellants filed the amended petition on January 6, 1986.
For the above reasons, the judgment of the trial court maintaining the exception raising the objection of prescription is reversed. The case is remanded for further proceedings. The costs of this appeal are assessed against Woman’s Hospital.
REVERSED AND REMANDED.