MOTION TO DISMISS
YELVERTON, Judge.
The defendant-appellee, Dr. Frank Biba, moves to dismiss the appeal of the plaintiff-appellant, Debra Fontenot, on the basis of the peremptory exception of res judicata. This motion is denied.
In Fontenot v. Opelousas General Hospital, 503 So.2d 709 (La.App. 3rd Cir.1987), writ denied 505 So.2d 62 (La.1987), this court considered the ruling of the trial court in this case on the exception of prescription. The current appeal lodged in this court is the second appeal involving the issues surrounding prescription in this matter. Certain facts involved in the initial appeal are pertinent to this motion to dismiss.
The opinion in the earlier appeal stated that appellant began her action against the Opelousas General Hospital and Dr. Frank Biba by filing a petition with the Commissioner of Insurance of the State of Louisiana on July 3,1984. The facts showed that Dr. Biba was not a qualified health care provider under LSA-R.S. 40:1299.41 et seq. at the time of the alleged malpractice. Appellant filed the instant suit in the district court on September 6, 1985.
The appellant’s complaint was met with the exception of prescription by Dr. Biba. The trial court sustained this exception. Appellant appealed this ruling, precipitating in the above mentioned opinion by this court. In this opinion, this court stated,
La.R.S. 40:1299.41(G) establishes the sus-pensive period as 90 days after a review panel is formed under the provisions of the Medical Malpractice Act. Thus, in this procedurally more difficult situation, the qualified provider is still afforded the protection of a review panel and the plaintiff is given more time to perfect his claim against the non-qualified provider. Section “G” defines the formation of the panel as the date on which the third member of the panel is chosen. 503 So. 2d at 712 (emphasis provided by the court).
This court reversed and remanded the case since the record did not show the date at which the medical review panel was formed.
On remand, the trial court ruled that appellant’s claim had prescribed since the *77 latest date on which the panel was formed was April 16, 1985. Following this ruling, appellant filed in the trial court a Motion for Reconsideration of Exception of Prescription. The motion for reconsideration asserted that prescription did not begin when the panel was chosen due to the failure of the attorney chairman of the panel to properly send notice of the impaneling as required by statute. Appellant cited Simon v. Haile, 515 So.2d 587 (La.App. 1st Cir.1987), in support of this position.
Instead of addressing the merits of appellant’s claims, the trial court held that the motion for reconsideration had been filed untimely. Appellant, therefore, has appealed to this court seeking a determination regarding the notice requirements and their effect on the tolling of prescription. Appellee argues in the motion sub judice that this issue is res judicata.
Appellee urges that appellant is precluded from raising the notice issue since this court stated in the first appeal on this matter that prescription on appellant's cause of action began running on the date the panel was chosen. Without expressing any opinion on the timeliness of appellant’s argument nor on the merits of this appeal, this court finds that appellant’s claims are not barred by res judicata. This conclusion is drawn from the definition of res judicata.
LSA-R.S. 13:4281 states:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
On the first appeal in this matter, this court did not rule on the question of whether appellant’s claim has prescribed. Instead, the case was remanded in order for the trial court to determine the additional facts necessary to rule on the prescription exception. Now that these facts have been found by the trial court, appellant has the right to have the lower court’s ruling reviewed by this court.
MOTION DENIED.