DOMENGEAUX, Judge.
Plaintiff, Pamela Jane Zeno, appeals a judgment of the District Court sustaining an exception of prescription filed on behalf of defendant, Lafayette General Hospital. We annul and set aside that judgment and remand to the District Court for further proceedings.
In this medical malpractice suit filed by Mrs. Zeno, she alleges that Lafayette General Hospital and Dr. George Smith are solidarily liable for damages she sustained while hospitalized in June, 1985. This appeal involves only Mrs. Zeno’s claim against Lafayette General Hospital; the record before us does not indicate the status of the claim against Dr. Smith.
The record reveals the following facts: The plaintiff was injured in an automobile accident on June 15, 1985, and thereafter received medical treatment at Lafayette General Hospital. From June 15th through June 21st, Mrs. Zeno was given blood transfusions which allegedly contained an antibody which she could not tolerate. The plaintiff asserts that she sustained injuries as a result of this alleged malpractice.
On June 10, 1986, Mrs. Zeno filed a petition with the Commissioner of Insurance pursuant to R.S. 40:1299.41 et seq., alleging the same facts as in the present suit. The Commissioner of Insurance informed Mrs. Zeno on June 12, 1986, by certified mail, that Lafayette General Hospital was not a qualified health care provider under the Medical Malpractice Act, and that Dr. Smith was qualified under the Act. Mrs. Zeno apparently received this notification on June 24, 1986.
A medical review panel then disposed of Mrs. Zeno’s claim against Dr. Smith by a decision mailed on June 30,1987. The date that the medical review panel was first convened to review the claim against Dr. Smith is not revealed in the record.
The present suit was filed on August 12, 1987, naming Dr. Smith and Lafayette General Hospital as defendants. Lafayette General Hospital urged an exception of prescription, asserting that plaintiff's claim *1021 was not filed within the prescriptive period stated in La.R.S. 40:1299.47(A)(2)(a) (1981). Plaintiff did not dispute the applicability of this provision, but defended the exception merely by denying receipt of notification that the hospital was not qualified under the Act. The hospital presented a photocopy of a certified mail receipt, purportedly signed by Pamela Zeno, in support of its exception. Although the District Court did not assign reasons for its judgment, through which it sustained the exception, it appears that the Court relied on La.R.S. 40:1299.47(A)(2)(a) in reaching its decision.
On appeal, plaintiff assigns two Trial Court errors:
(1) The defendant’s exception of prescription was improperly sustained because the record contains insufficient evidence to prove plaintiff’s receipt of notice pursuant to La.R.S. 40:1299.47(A)(2)(a).
(2) The notice provisions of La.R.S. 40:1299.47(A)(2)(a) violates the due process clauses of the U.S. and Louisiana constitutions in that they do not require sufficient instruction and notice to one who files his claim in the wrong forum.
As will be shown hereinafter, the issues raised by the plaintiff are not dispositive of this appeal. We will, however, discuss briefly the questions presented.
Concerning the first assignment, we note that the lower court’s judgment implies a factual determination that the plaintiff did receive appropriate notification concerning Lafayette General Hospital’s status as a nonqualified health care provider. Such a factual matter should not be disturbed on appeal in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record reveals no error on the part of the Trial Court.
As to the second assignment, we hold that the notification procedures mandated by the Medical Malpractice Act are not violative of due process. The Commissioner of Insurance sent a letter to Mrs. Zeno which cited the governing statute, “La.R.S. 40:1299.41, et seq.” Mrs. Zeno had previously made her claim under the Act and is presumed to be fully aware of the provisions therein.
We now proceed to discuss the crux of this appeal, which although not raised by either party, is dispositive. After a thorough review of the prescriptive provisions of the Medical Malpractice Act and its interpretive jurisprudence, we have determined that the prescriptive period contained in La.R.S. 40:1299.47(A)(2)(a) does not apply in this situation. The appropriate provision of the Medical Malpractice Act is La.R.S. 40:1299.41(G) (1981) which provides for the suspension of prescription against a nonqualified health care provider who is solidarily liable with a qualified health care provider. The suspensive period is ninety days after a panel is formed to review the claim against the qualified provider. Section G further states that the panel “shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.” La.R.S. 40:1299.-41(G).
In a factually similar case, Fontenot v. Opelousas General Hospital, 503 So.2d 709 (La.App. 3rd Cir.1987), writ denied, 505 So.2d 62 (La.1987), this Court was compelled to remand the case for a determination of the date on which the third health care provider member of the panel was chosen to consider the claim against the qualified provider. We must do likewise. In a malpractice case involving health care providers who are alleged to be solidary obligors, only the date on which the review panel was formed is determinative of prescription. Fontenot, supra; Doyle v. St. Patrick Hospital, 499 So.2d 704 (La.App. 3rd Cir.1986), writ denied, 503 So.2d 478 (La.1986). Prescription, therefore, did not run sixty days after Mrs. Zeno was notified that Lafayette General Hospital was not a qualified health care provider. Rather, prescription ran ninety days after the panel, which was to review the claim against Dr. Smith, was formed. The record does not reveal this date, and the case must be remanded for such a determination.
In anticipation of a problem which may arise on remand, we must address the issue of notification that a medical review *1022 panel has been formed. La.R.S. 40:1299.-47(C)(4) requires the chairman of the panel to notify the Commissioner and the parties, by registered or certified mail, of the names and addresses of the panel members and the date on which the last member was selected. The First Circuit has interpreted this requirement as an absolute prerequisite to the running of the prescriptive period of La.R.S. 40:1299.41(G). Simon v. Haile, 515 So.2d 587 (La.App. 1st Cir.1987). This issue has been raised on reappeal of Fontenot, supra, but has not yet been decided by this Court.[1]
Because of the practical benefits of the notice requirement, we agree with the rationale of the Simon Court when it stated:
Certified or registered mail provides proof that the plaintiff has received notice of the formation of the panel and provides a definite time in which to determine the time remaining for filing suit.
515 So.2d at 589.
On remand, the Trial Court is instructed to determine the date on which Mrs. Zeno received notice, by registered or certified mail, of the selection of the panel, such notice to be in accordance with La.R.S. 40:1299.47(C)(4). That date will constitute the date the “panel is formed” for purposes of La.R.S. 40:1299.41(G).
Accordingly, for the reasons stated, we annul and set aside the judgment appealed from and remand the case for further proceedings consistent with this opinion. All appellate costs are assessed against defendant, Lafayette General Hospital. Assessment of costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.

. In Fontenot v. Opelousas General Hospital, 525 So.2d 75 (La.App. 3rd Cir.1988), this Court denied defendant’s motion to dismiss the appeal. The appeal is still pending.