555 So.2d 641 (1989)
Linda S. BRISTER, et al.
v.
SOUTHERN BAPTIST HOSPITALS, INC., et al.
No. 89-CA-0656.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1989.
*642 Lloyd W. Hayes, New Orleans, for defendant/ appellee.
R. Ray Orrill, Jr., Robert F. Shearman, Orrill & Shearman, New Orleans, for plaintiff/appellant.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
In this medical malpractice action, we must decide whether plaintiff's claim against Dr. Reynolds, has prescribed.
The date of the alleged malpractice is November 18, 1981. On November 18, 1982 plaintiff filed a claim with the Commissioner of Insurance against Southern Baptist Hospital and Dr. Robinson. On the same date, it is alleged that suit was also filed in Civil District Court for the Parish of Orleans against Robinson and Southern Baptist.[1] On February 11, 1983 the district court allegedly dismissed that suit against Southern Baptist Hospital, without prejudice, on an exception of pre-maturity. For some unknown reason, the suit against Dr. Robinson was not dismissed.
On April 11, 1985 a medical review panel was formed, and on July 3, 1985 it issued an opinion in favor of Southern Baptist and Dr. Robinson. On July 12, 1985, plaintiff filed the instant suit in Civil District Court against those same two defendants. No mention was made of Dr. Reynolds. For the first time, on November 11, 1986, plaintiff filed her claim against Dr. Reynolds with the Commissioner of Insurance. The medical review panel issued an opinion favorable to Dr. Reynolds on August 22, 1988. Plaintiff then amended the instant suit on September 6, 1988 to add Dr. Reynolds as a defendant, alleging he is liable in solido with Dr. Robinson and Southern Baptist Hospital.
On February 13, 1989 the trial court maintained Dr. Reynolds' exception of prescription and dismissed plaintiff's suit as to that defendant. Plaintiff perfects this appeal.
At the trial court hearing, plaintiff argued that the filing of a claim with the Commissioner of Insurance against Dr. Robinson and Southern Baptist interrupted prescription as to Dr. Reynolds because he is liable in solido with the other defendants. The trial court rejected plaintiff's contention and held that La.R.S. 40:1299.41(G) provides for the suspension, not the interruption, of prescription against solidary obligors. *643 Hence, the claim against Dr. Reynolds, filed in excess of three years after the alleged malpractice, had prescribed.
On appeal, plaintiff reurges the argument made at the trial level. She asserts that Civil Code Article 1799, enacted in 1984, supports the conclusion that any act which interrupts prescription as to one obligor interrupts as to all solidary obligors. She argues this is a change from prior Civil Code Article 2097 which required that only the filing of a lawsuit interrupted prescription. In addition, for the first time, plaintiff argues that the suit filed on November 18, 1982 (No. 82-1812) also served to interrupt prescription because Dr. Robinson was never dismissed.[2] We discuss each argument separately.
La.R.S. 9:5628 provides in pertinent part:
"No action for damages for injury or death against any physician ... arising out of patient care ... shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, ... in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect."
The periods provided in the above statute are prescriptive, and not peremptive, and thus may be interrupted. Crier v. Whitecloud, 486 So.2d 713 (La.1986), on rehearing, 496 So.2d 305 (La.1986); Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La. 1986). Because plaintiff's claim against Dr. Reynolds was filed after the prescriptive period had expired, plaintiff has the burden of proving prescription was interrupted. In her first argument she urges that the claim filed with the Commissioner of Insurance against Southern Baptist and Dr. Robinson was an interruptive act within the meaning of Civil Code Article 1799, and therefore prescription was interrupted as to all solidary obligors. We disagree for the following reasons.
In Guidroz v. Mullins, 496 So.2d 519 (La.App. 1st Cir.1986), the issue confronting the court was whether a claim filed for review with the Commissioner against a qualified health care provider interrupted prescription against all other in solido qualified health care providers. Relying on former Civil Code Article 2097 which provided that filing of a suit interrupted prescription as to all solidary obligors, the court held that the filing of a claim with the Commissioner was not the same as a suit and thus prescription was not interrupted. The court further held that a claim filed with the Commissioner merely suspends prescription as to other solidary obligors, citing La.R.S. 40:1299.41(G).[3]
We recognize that the Guidroz decision was predicated on the former Article 2097 and the distinction between a lawsuit being filed, as opposed to a claim with the commissioner. However, we believe the result of the case is still correct.
Plaintiff does make the correct legal argument that Civil Code Article 1799 changed the law so that any act, not just the filing of a suit, which interrupts prescription as to one solidary obligor interrupts as to all. See, Comment, La.C.C. Art. 1799. As applied to the facts of this case, however, plaintiff's argument fails. The filing of her claim with the commissioner against Southern Baptist and Dr. Robinson was not an interruptive act as contemplated by Article 1799. La.R.S. 40:1299.47 provides that the effect of filing a claim with the commissioner suspends prescription as to the named obligor, i.e. Dr. Robinson and Southern Baptist. And, *644 as to other non-named solidary obligors La.R.S. 40:1299.41(G) provides that the filing of a claim with the Commissioner suspends the prescriptive period as to them from the filing date until ninety days after the review panel is formed. Thus, as the court in Guidroz, supra, correctly noted, it was clearly the legislature's intent to specifically provide that the filing of a claim with the commissioner would suspend prescription, not interrupt it. Since filing a claim against Southern Baptist and Dr. Robinson does not interrupt prescription as to them, it (the claim) cannot serve to interrupt prescription as to Dr. Reynolds, the non-named solidary obligor. The only effect of the filing was a suspension of prescription.
Plaintiff filed her claim against Robinson and Southern Baptist for a review panel on November 18, 1982 exactly one year after the alleged malpractice. That filing suspended Dr. Reynold's remaining prescriptive period of one day thru ninety days after the review panel was formed. The review panel was formed April 11, 1985, thus the remaining one day prescription was suspended thru July 10, 1985. Prescription tolled on July 11, 1985. Plaintiff did not file a claim against Dr. Reynolds until November 11, 1986. Thus, the trial court was correct in holding that the filing for a medical review panel did not interrupt prescription, but only suspended it.
Plaintiff further argues for the first time, that the suit filed on November 18, 1982 (82-18121) against Dr. Robinson and Southern Baptist also interrupted prescription. Although it was dismissed as to Southern Baptist, she urges it is still viable as to Dr. Robinson. Dr. Reynolds, however, argues there was no action taken within a five year period in that suit and therefore it is deemed abandoned pursuant to Code of Civil Procedure Article 561.[4] In her reply brief, plaintiff notes several examples of actions taken in furtherance of the prosecution of that suit.
Initially we note that the issue of the prior suit was not raised at the trial level. Further, we note that the record of that suit was not introduced in evidence, and hence is not a part of the instant record. This court will not take judicial notice of that suit. Louisiana Business College v. Crump, 474 So.2d 1366 (La.App. 2nd Cir.1985); Alleman v. Joffrion, 411 So.2d 1142 (La.App. 1st Cir.1982), writ denied, 415 So.2d 945 (La.1982). However, because prescriptive statutes are strictly construed by our courts, we believe justice, fairness and equity require that we remand to the trial for its consideration of what, if any, effect suit No. 82-18121 has on the running of prescription.
Hence, even though we affirm the trial court's conclusion that plaintiff's filing for a medical review panel as to Southern Baptist and Dr. Robinson does not interrupt prescription, we reverse at this time the ultimate holding that prescription has tolled and remand for a determination by the trial court in accordance with the opinion expressed herein. All rights are reserved to both parties to appeal the trial court's finding on this issue.
REVERSED AND REMANDED.
NOTES
[1] That suit bears District Court docket No. 82-18121.
[2] The suit before us was filed after the medical review panel findings of April 11, 1985 and was filed under a new number (85-11898) even though it was against the same two defendants, Robinson and Southern Baptist.
[3] La.R.S. 40:1299.41(G) provides in part:

"... the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obligor either under the provisions of this Part or in a court of law within the ninety day period."
[4] C.C.Pro. Art. 561 provides in part:

"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years,..."