CHEHARDY, Chief Judge.
We grant supervisory writs in this case in order to decide whether a medical malpractice suit against Dr. Michael Cohen filed by Gloria and Edward Trosclair has prescribed. We find the action has prescribed and thus reverse the trial court judgment.
Gloria Trosclair underwent a hysterectomy on October 1, 1984. The surgery was performed by Dr. Herman Cohen, her obstetrician/gynecologist, for 30 years. He was assisted in the operation by Dr. Michael Cohen, at the time a newcomer to Dr. Herman Cohen’s staff.
Following the surgery, and over a period of some time, it became apparent the suturing from the surgery was abnormally tight, causing Mrs. Trosclair to experience difficulty with sexual intercourse. Dr. Herman Cohen offered to correct the problem at no cost, but plaintiff sought a second opinion and further corrective surgical treatment from another physician. The problem was thereafter rectified.
As a result of this condition, plaintiffs filed a complaint with the Louisiana Medical Review Board against Dr. Herman Cohen and a panel was formed on December 18, 1986. They subsequently filed suit on August 3, 1987.
On April 27, 1990, plaintiffs filed a second claim with the Review Board against Dr. Michael Cohen. In addition, on May 29, 1990, they amended the petition against Dr. Herman Cohen to include Dr. Michael Cohen as a defendant. In response, Dr. Michael Cohen filed a peremptory exception of prescription. On August 16, 1990 the exception was denied and he thereafter filed for writs of certiorari, mandamus and/or review.
Defendant contends the exception should have been granted because the suit is prescribed on its face. In addition, he asserts no other provisions of law apply to suspend or interrupt the running of prescription. He further complains the trial judge erroneously used res judicata as the basis for its decision.
Plaintiffs assert the case has not prescribed for three reasons. First, they contend the doctors are solidary obligors and thus a suit filed against one interrupts prescription against the other. Plaintiffs next claim the addition of Michael Cohen to the original suit relates back to the date of the original petition. Third, they argue Michael Cohen’s involvement in the surgery was unknown and they had no reason to suspect his participation until Herman Cohen’s deposition was taken in April 1990.
LSA-R.S. 9:5628 provides that actions for medical malpractice prescribe one year from the date of, or the discovery of, the alleged act, omission or neglect. But in any event, the claim prescribes no later than three years from the date of the alleged act, omission or neglect.
*1232 LSA-R.S. 40:1299.41(G) suspends the running of the prescriptive period. Under that provision, prescription is suspended as to a health care provider who is in solido liable with a qualified health care provider. The suspension lasts for a period of 90 days from the date a medical review panel is formed against the qualified in solido health care provider. Formation of the panel is complete on the date the third member of the panel is chosen, and the claim must be made against the in solido obligor either under the medical malpractice act or in a court of law within the 90-day period. This provision has been interpreted to include actions involving more than one qualified in solido health care provider, as well as actions involving both nonqualified and qualified providers. Guidroz v. Mullins, 496 So.2d 519 (La.App. 1 Cir.1986); Brister v. Southern Baptist Hospitals, 555 So.2d 641 (La.App. 4 Cir.1989); Zeno v. Smith, 541 So.2d 1019 (La. App. 3 Cir.1989); Fontenot v. Opelousas General Hosp., 503 So.2d 709 (La.App. 3 Cir.1987), writ denied 505 So.2d 62 (La.1987), appeal after remand, 525 So.2d 75 (La.1988).
In this case, the suit filed against Dr. Michael Cohen, a qualified health provider, is prescribed on its face since the “act” and/or the discovery of the problem occurred more than three years from the date Michael Cohen was added to the suit. In addition, the claim against this defendant was not made within 90 days of the formation of the medical review panel against Dr. Herman Cohen, defendant’s alleged sol-idary obligor. Thus, the claim prescribed in 1987 at the latest, despite the solidary nature of the obligors. Because of this finding we need not address the issue of whether the trial judge based his judgment denying the exception on res judicata.
Plaintiffs seek to avoid this result by also claiming the addition of Michael Cohen to the suit against Herman Cohen “related back,” so as to avoid prescription running against the additional defendant, based on the Louisiana Code of Civil Procedure Article 1153. That article states an amendment relates back when the action or defense asserted in the amendment arises out of the conduct, transaction or occurrense set forth in the original pleading.
In interpreting C.C.P. art. 1153 the Louisiana Supreme Court has held that a new defendant may not be added to take advantage of this article, as such a party has not received notice of the claim by virtue of the original pleading. McClen-don v. Security Ins. Co. of Hartford, 340 So.2d 426 (La.App. 4 Cir.1976). An exception is made where the defendant is being substituted who has received notice such as to preclude prejudice to his defense and where he knew or should have known but for a mistake, the action would have been brought against him. Ray v. Alexandria Mall 434 So.2d 1083 (La.1983). Here the facts do not meet the criteria to allow the addition of Michael Cohen as a defendant so that prescription was interrupted when suit was filed against Herman Cohen. No mistake was made, Michael Cohen’s existence and involvement was discoverable early in the proceedings and his defense would be prejudiced by the lengthy interval between the act and the suit.
Plaintiffs’ final argument is that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring a malpractice action. In this respect, it is asserted plaintiffs had no way of knowing or suspecting Dr. Michael Cohen’s involvement. In support thereof, they contend Mrs. Trosclair did not consent to Michael Cohen's participation in the surgical procedure.
The record shows, through plaintiffs’ answers to interrogatories propounded by Herman Cohen, that they received and paid a bill in conjunction with the surgical expenses from Dr. M. Cohen. The answers to the interrogatories were filed into the record on October 6, 1988. In July 1989, in his answers to plaintiffs’ interrogatories, the defendant Herman Cohen specifically informed plaintiffs’ that Michael Cohen assisted in the surgery. Thus, plaintiffs knew or should have known well before April 1990 that another physician was involved in Mrs. Trosclair’s operation. Furthermore, no impediment existed to the dis *1233 covery of this fact within the time limits decreed by law. Consequently, this argument does not provide a basis to find the case against Dr. Michael Cohen was not prescribed.
Accordingly, the judgment of the trial court is hereby reversed.
It is further ordered, adjudged and decreed that there be judgment in favor of defendant Michael Cohen, M.D., and against plaintiffs, Gloria Trosclair and Edward Trosclair, granting defendant’s peremptory exception of prescription. Plaintiffs’ suit against defendant Michael Cohen is hereby dismissed with prejudice.
All costs of these proceedings are to be paid by plaintiffs.
REVERSED AND RENDERED.