BARRY, Judge.
In this medical malpractice action, James Robinson appeals a judgment which maintains an exception of prescription. Robinson also appeals the denial of his motion for a new trial.
On October 14, 1988 Robinson brought his minor son, Corey, to United Medical Center (UMC) because of lower left stomach pain and vomiting. The diagnosis was fecal impaction (stasis) and he was sent home. Corey continued to have pain.
*386 On October 16, 1988 Geraldine Robinson, Corey’s mother, took him to Tulane Medical Center (TMC). The treating physician diagnosed a swollen left testicle and called in a specialist. Corey was given antibiotics and pain pills. On October 19, 1988 Corey went to TMC’s Urology Clinic with the same complaint. On October 25, 1988 he underwent surgery at TMC for removal of his left testicle.
On July 31, 1989 Robinson filed a complaint against UMC with the commissioner of insurance. Robinson alleged that with proper diagnosis and treatment by UMC Corey would not have lost his testicle. An amended complaint named Dr. Gregory Molden and Keith Van Meter & Associates, Inc. as the treating emergency room physicians. A medical review panel was formed on March 12, 1990 and it rendered a decision as to UMC on October 11, 1990.
On January 25, 1991 Robinson, individually and on behalf of Corey, filed suit against UMC (United Medical Corporation of New Orleans), Dr. Gregory Molden, Keith Van Meter & Associates, Inc., TMC, Dr. Parker Roberts, Dr. Martha Roach, and Dr. Jeffrey Lapeyrolerie. Robinson alleged that Corey was improperly diagnosed and treated at UMC’s emergency room on October 14, 1988 and at TMC on October 16, 1988 and October 19,1988. On January 25, 1991 Robinson filed a complaint against the TMC defendants with the insurance commissioner. Robinson voluntarily dismissed the TMC defendants due to the pending medical review panel. TMC filed an exception of prescription pursuant to La.R.S. 40:1299.47 B(2)(a) which permits an exception of prescription to be raised without the completion of the medical review panel. The exception was maintained.
Robinson argues that the trial court erred:
1.In finding that suit against the UMC defendants did not interrupt prescription against the Tulane defendants when they were solidary obligors;
2. In finding that his claim was not filed within one year of knowledge of the claim against the Tulane defendants;
3. In denying the motion for new trial.
Robinson argues for the first time on appeal that his suit against the UMC defendants interrupted prescription as to the Tulane defendants who were not named in the original petition, but the Tulane defendants are solidarily liable and were named in the suit filed subsequent to the review panel’s decision. Although Robinson relies on interruption the statute suspends the running of prescription.[1]
The Tulane defendants’ exception was filed June 18, 1991 and their memorandum only argued that more than one year passed between Robinson’s discovery of the malpractice and the filing of his claim. Robinson’s August 29, 1991 memorandum argued that he did not have knowledge of the malpractice until the medical report dated June 27, 1990 (or his notification as to that report on November 14, 1990). His suit against the Tulane defendants on January 25, 1991 was filed within one year of either discovery date. Based on those pleadings the trial court maintained prescription on September 6, 1991. Neither party mentioned solidary liability due to La.R.S. 40:1299.41 G (pre-1991 amendment) which provided in pertinent part:
Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obli-gor either under the provisions of this Part or in a court of law within the ninety day period.
The medical review panel was formed (under the prior statute) on March 12, 1990 and no claim or suit was filed against the Tulane defendants within 90 days. There *387 fore, no valid argument could be made under La.R.S. 40:1299.41 until after the 1991 amendment to Subsection G which was effective September 6, 1991.
If the alleged facts in a petition do not indicate that a claim has prescribed the burden is on the exceptor to prove prescription. If a claim is prescribed on the face of the pleadings, the burden is on the claimant to show that prescription has not tolled due to interruption or suspension. Strata v. Patin, 545 So.2d 1180 (La.App. 4th Cir.1989), writs denied 550 So.2d 618 (La.1989). Robinson bears the burden.
La.R.S. 9:5628 A provides:
No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state, or community blood center or tissue as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
La.R.S. 40:1299.41 G after the 1991 amendment provides:
Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.-47(A)(2)(a).
La.R.S. 40:1299.47(A)(2)(a) provided that the filing of the claim suspended prescription until 90 days following notification by certified mail to the claimant or his attorney of the medical review panel opinion. In 1991 the following sentence was inserted into Subparagraph (A)(2)(a):
The filing of a request for review of a claim shall suspend the running of prescription against all solidary obligors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.
In a similar situation (when the amendment was effective after the trial court’s ruling) this Court held that the 1991 amendment to La.R.S. 40:1299.41 G should be applied retroactively because the amendment lengthens the applicable prescriptive period and there is no disturbance of a vested right. Graham v. St. Charles General Hospital, 590 So.2d 818 (La.App. 4th Cir.1991). The law has been changed to provide that the filing of a claim with the medical review panel suspends the running of prescription as to non-named solidary obligors to the same extent that it is suspended as to those named in the claim. Id. But see White v. West Carroll Hospital, Inc., La. Hosp. Assn. Ins. Trust Fund, 598 So.2d 1134 (La.App. 2d Cir.1992).
In summary, Robinson’s original complaint against UMC was filed with the commissioner of insurance on July 31, 1989, within one year of the alleged malpractice which occurred in October, 1988. Prescription was suspended until 90 days following notification to the claimant or his attorney of the medical review panel’s decision. The review panel’s opinion was rendered on October 11, 1990, therefore Robinson’s January 25, 1991 suit was timely. Robinson properly alleged that the UMC defendants and the Tulane defendants were solidarily liable.[2]
We pretermit discussion of Mr. Robinson’s other errors.
*388 The judgment which maintains the Tulane defendants’ exception of prescription is reversed and the matter remanded.
REVERSED; REMANDED.

. This Court has held that the filing of a claim with the commissioner does not interrupt prescription (C.C. art. 1799), rather, it suspends prescription. See Brister v. Southern Baptist Hospitals, Inc., 555 So.2d 641 (La.App. 4th Cir.1989).

. If it becomes evident that no solidary liability exists between UMC and TMC, the plea of prescription should be maintained at that time. See Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250 (La.App. 1st Cir.1991).