704 So.2d 938 (1997)
Johnny M. WILKES, et al., Plaintiffs-Appellants,
v.
Dr. E. Linus CARROLL, et al., Defendants-Appellees.
No. 30066-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
Bruscato, Tramontana & Wolleson by J. Antonio Tramontana and Anthony J. Bruscato, Monroe, for Plaintiffs-Appellants.
Watson, Blanche, Wilson & Posner, L.L.P. by P. Scott Jolly, Baton Rouge, for Defendants-Appellees Caldwell Memorial Hospital.
Before BROWN, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
In this medical malpractice case, Johnnie M. Wilkes, Billy Joe Wilkes, Jr., and Shirley Wilkes Johnson ("Plaintiffs") appeal the trial court's sustaining of the exception of prescription filed by defendant Caldwell Memorial Hospital ("Caldwell"). For the following reasons, we reverse.

*939 FACTS
According to Plaintiffs' allegations, Mr. Billy Joe Wilkes, Sr., was diagnosed with lung cancer on January 12, 1984, and died on February 22, 1984, as a consequence of the cancer. On January 10, 1985, former counsel for Plaintiffs filed a complaint for review by the medical review panel. The next day, January 11, 1985, former counsel for Plaintiffs filed a petition for damages in district court, alleging that Dr. E. Linus Carroll was negligent in failing to timely diagnose the cancer. Dr. Carroll and his insurer, Louisiana Medical Mutual Insurance Company, were made defendants in both these actions, but no service of the petition in the district court proceeding was made on the defendants. The medical review panel issued its opinion on April 22, 1987.
Plaintiffs' former counsel later withdrew from the lawsuit filed in district court. Upon being served with the motion to withdraw as counsel, Dr. Carroll filed an exception of prematurity to the lawsuit. On July 21, 1988, the trial court denied the exception of prematurity as moot because the medical review panel had previously rendered its decision on April 22, 1987.
Subsequently, Plaintiffs filed a supplemental and amending complaint with the Patient's Compensation Fund alleging negligence by Dr. Wildo Colon and Caldwell. Specifically, Plaintiffs' complaint states:
... on or about July 12, 1983, or July 13, 1983, a chest x-ray was ordered to be taken of the Decedent, Billy Joe Wilkes, Sr., and that, due to the negligence of DR. WILDO D. COLON and/or the Radiology Department of CALDWELL MEMORIAL HOSPITAL, said x-ray was never taken or, if taken, the chest x-ray was never interpreted by the Radiology Department of CALDWELL MEMORIAL HOSPITAL and/or DR. WILDO D. COLON.
No evidence of the date of filing was included in the record, although Plaintiffs allege the complaint was filed on November 23, 1992. Caldwell, however, did not receive notification from the Patient's Compensation Fund of the filing of the supplemental and amending complaint until January 5, 1996.
In response to the amended complaint against it, Caldwell filed in district court an exception of prescription and/or peremption, alleging that Plaintiffs' claims against it had prescribed, pursuant to LSA-R.S. 9:5628 and LSA-R.S. 40:1299.47. The exception was heard on August 28, 1996. In written reasons rendered on January 29, 1997, the trial court sustained the exception of prescription. Urging one assignment of error, Plaintiffs appeal.

DISCUSSION
The sole issue presented on appeal is whether the trial court properly granted Caldwell's exception of prescription.
Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2d Cir.1993); Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La. 1993). When the plaintiff's petition shows on its face that the prescriptive period has expired, however, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Lima v. Schmidt, 595 So.2d 624 (La.1992); Bishop, supra.
Prescriptive periods applicable to medical malpractice actions are governed by LSA-R.S. 9:5628, which states that such actions must be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. In any event, even as to claims filed within one year from the date of such discovery, such claims must be filed, at the latest, within a period of three years from the date of the alleged act, omission, or neglect. LSA-R.S. 9:5628; Masters v. Fields, 27,924 (La.App.2d Cir. 1/24/96), 666 So.2d 1333.
In the present case, the "alleged act, omission or neglect" identified in Plaintiffs' complaint is Caldwell's failure to take a chest x-ray of decedent, or, if the x-ray was taken, failure to interpret the x-ray, which had been ordered on or about July 12-13, 1983. Thus, based on the face of the complaint, under LSA-R.S. 9:5628, Plaintiffs had until July *940 1986, at the latest, to file their suit against Caldwell absent any interruption or suspension of prescription. Even assuming, as Plaintiffs allege, their complaint adding Caldwell was filed with Patient's Compensation Fund on November 23, 1992, Plaintiffs have the burden of proving interruption or suspension of prescription.
Plaintiffs contend that the prescriptive period of its action against Caldwell was interrupted by the suit timely filed in district court on January 11, 1985, against Dr. Carroll, alleged to be a solidary obligor with Caldwell. Plaintiffs further urge that the interruption continued as long as that suit remained pending. In support of their arguments, Plaintiffs cite the following Louisiana Civil Code articles:
(1) La.C.C. art. 1799
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.
(2) La.C.C. art. 3462, in pertinent part,
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.
(3) La.C.C. art. 3463
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.
Plaintiffs further argue that a timely filed suit pending against one solidary obligor continues the interruption of prescription as to all purported solidary obligors, citing White v. West Carroll Hospital, Inc., 613 So.2d 150 (La.1992) and Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
In response, Caldwell sets forth two arguments in support of its contention that the trial court correctly sustained its exception of prescription. We will address each of Caldwell's arguments separately.

A. Is Plaintiffs' suit prescribed under LSA-R.S. 9:5628?
Caldwell urges that Plaintiffs' claim is prescribed under LSA-R.S. 9:5628, discussed above, which requires that an action against a hospital for negligence must be asserted within one year from the date of the alleged malpractice or discovery thereof, but in no event beyond three years from the date of the alleged improper action. Caldwell also argues that the statute is, by its terms, essentially peremptive, and may not be renounced, interrupted or suspended. In response, Plaintiffs argue that LSA-R.S. 9:5628 is a prescriptive statute and, as such, is capable of interruption.
While the legal malpractice statute of limitations, LSA-R.S. 9:5605, expressly states that the three-year period is "peremptive" and "in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended," LSA-R.S. 9:5628, the medical malpractice statute, contains no such express declaration that the statute is peremptive. LSA-R.S. 9:5605; LSA-R.S. 9:5628; Reeder v. North, 97-0239, 701 So.2d 1291 (La. 10/21/97). In Hebert, supra, the Louisiana Supreme Court considered the issue of whether LSA-R.S. 9:5628 is prescriptive or peremptive, concluding:
We decide that Sec. 9:5628 is a prescription statute with a qualification, that is, the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect. Thus timely suit against a solidary obligor interrupts the prescription set forth in Sec. 9:5628.
Hebert, supra, at 725.[1]
As LSA-R.S. 9:5628 has been held to be prescriptive in nature, we find, as the supreme *941 court found in Hebert, that the prescriptive period contained therein was capable of being interrupted by a timely suit against a solidary obligor. La.C.C. art. 3462; Hebert, supra. Caldwell's argument on this point must fail.

B. Is Plaintiffs' Action Prescribed under the Medical Malpractice Act?
Caldwell also argues that Plaintiffs' action against it is prescribed because the applicable time period during which Plaintiffs could have filed suit against the hospital is provided by the Medical Malpractice Act, rather than the more general articles of the Louisiana Civil Code.
The Medical Malpractice Act states that all claims against health care providers shall be reviewed by a medical review panel prior to the institution of a civil action. LSA-R.S. 40:1299.47. Under the version of the Medical Malpractice Act in effect at the time of the alleged malpractice, LSA-R.S. 40:1299.41(G) allowed the suspension of prescription with regard to certain solidary obligors as follows:
... the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review shall be suspended for a period of ninety days after a panel is formed under the provisions of this Part, provided a claim is made against the in solido obligor either under the provisions of this Part or in a court of law within the ninety day period. For the purpose of this Part, the panel shall be deemed to be formed on the date that the third health care provider member of the panel is chosen.
LSA-R.S. 40:1299.41(G).[2]
Citing the above statute, Caldwell urges that the review panel filing against Dr. Carroll suspended prescription only as to Dr. Carroll, the named defendant. Caldwell asserts that prescription continued to run as to Caldwell because Plaintiffs failed to file a review panel claim or suit against it within 90 days of the formation of the review panel constituted to consider the claim against Dr. Carroll. Since Plaintiffs failed to file a claim or a suit against the hospital during this time period, Caldwell argues, prescription has run on any action against it.
In White, supra, the Louisiana Supreme Court considered the following facts. Plaintiff Suzette White suffered injury as a result of an allergic reaction at West Carroll Hospital in May 1987. On January 4, 1988, Ms. White filed suit asserting medical malpractice claims against West Carroll Hospital. Morris Management was added as a party defendant on May 11, 1988. On August 31, 1988, the trial court sustained an exception of prematurity filed by the hospital and issued reasons for judgment. The record, however, reflected no signed judgment. Subsequently, the medical review panel rendered an opinion on March 15, 1989.
On April 24, 1989, the White plaintiffs filed a second suit against West Carroll Hospital, Inc., and Morris Management, Inc., alleging the same medical malpractice claims as in the prior suit. On November 28, 1989, the White plaintiffs filed a supplemental and amending petition adding Dr. Joan Brunson and her insurer, Louisiana Medical Mutual Insurance Company ("LAMMICO"), as solidary obligors. Dr. Brunson and LAMMICO filed exceptions of prematurity and prescription. The trial court found, based upon LSA-R.S. 9:5628 and LSA-R.S. 40:1299.41, that the claims against Dr. Brunson and LAMMICO had prescribed, as the White plaintiffs failed to act within the 90-day suspension period provided by the Medical Malpractice Act.
For the first time on appeal, the White plaintiffs argued that the prescription of the medical malpractice claims against Dr. Brunson and LAMMICO was interrupted by the filing of the first suit against West Carroll Hospital and Morris Management, alleged *942 solidary obligors with Dr. Brunson and LAMMICO. Evidence of the first lawsuit was not, however, in the record. The court of appeal refused to supplement the record on appeal and affirmed the granting of the exception of prescription dismissing the White plaintiffs' suit against Dr. Brunson and LAMMICO with prejudice.
Granting certiorari to review the correctness of the decision, the Louisiana Supreme Court held that because the record of the prior suit had not been entered into evidence at the time of hearing, the record could not be considered as evidence. The supreme court examined the record of the prior suit, however, to determine if its inclusion would affect the outcome of the issue of whether or not it interrupted prescription. In reviewing the prior record, the supreme court found that the petition for damages was timely filed on January 4, 1988, against West Carroll Hospital, and that Morris Management was later added. The White court further found that no judgment or motion to dismiss the suit was contained in the record.
The supreme court then stated the following:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as suit is pending. La.Civ.Code art. 3463. A timely filed suit pending against one solidary obligor constitutes the interruption of prescription as to all purported solidary obligors. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
White, supra, at 154.
The White court noted that when there are written reasons for judgment and no separate signed judgment, there is no final judgment. The court then concluded that, under the reasoning set forth in Hebert, supra, the claims against the hospital in the first suit would still be pending since no signed judgment was contained in the record. The court also noted the White plaintiffs' assertion that the claim in the first suit against Morris Management was never dismissed and remained pending, serving to interrupt prescription as to the claims against Dr. Brunson and LAMMICO. The court concluded that since the White plaintiffs' claim that prescription has been interrupted during the pendency of the first suit may have merit, the case was to be remanded to the trial court to supplement the record with the record of the first suit.
The White court heavily cited its previous decision of Hebert, supra. In Hebert, the plaintiff suffered injury in 1975 and filed suit against the hospital within a year. She subsequently settled with the hospital, but the suit remained pending and in October 1983, the Hebert plaintiffs amended their petition to add Dr. Morgan as a defendant. Three months later, the hospital was dismissed with prejudice, leaving only Dr. Morgan as a defendant. Dr. Morgan filed an exception of prescription and produced a release of the hospital executed by the Hebert plaintiffs in 1982. The Hebert plaintiffs argued that prescription was interrupted by the timely suit against the hospital, a solidary obligor, and that such interruption continued as long as the suit against the hospital remained pending.
The Louisiana Supreme Court agreed, finding that the lawsuit against the hospital was pending from the moment it was filed in March 1976, until it was dismissed by judgment of the court in January 1984. Despite the early settlement with the hospital, the suit had not been disposed of and, thus, remained pending until dismissed by judgment of the court. The court found that prescription was interrupted and continued to be interrupted as long as the suit was pending, three months after the Hebert plaintiffs amended the petition to include Dr. Morgan. The claim against Dr. Morgan, filed seven years after the suit against the hospital, was, therefore, held to be timely.
We conclude that the White decision and its reliance on Hebert, supra, require us to reject Caldwell's argument that the action against it is prescribed because Plaintiffs failed to file a claim or suit against it within 90 days of the formation of the medical review panel. In White, the supplemental and amending petition adding Dr. Brunson and her insurer as defendants was filed more *943 than ninety days after the formation of the medical review panel. White, supra. While the White court technically remanded the case to allow the plaintiffs to place in evidence the record of an initial suit filed in a district court, implicit in the court's ruling is that such a suit would interrupt prescription as to all solidary tortfeasors, whether named or unnamed in the suit. We note that White did not address whether the Medical Malpractice Act had imposed a special prescriptive regime which conflicted with the general Louisiana Civil Code articles. We, nevertheless, find ourselves constrained by White to find that the suit against Dr. Carroll interrupted prescription on the action against Caldwell, an alleged solidary obligor.[3]
Caldwell urges the White case to be inapplicable because, in White, both the claim against the hospital and the claim against the doctor were raised within the three-year period of LSA-R.S. 9:5628. However, in light of the Hebert decision, which allowed the addition of a newly added alleged solidary obligor approximately eight years after the alleged malpractice, we are compelled to reject Caldwell's argument on this point.
Additionally, Caldwell complains that Plaintiffs provided no evidence to support their claims of the solidary nature of the defendants' obligations and of the dates pertinent to the determination of whether the claim against Caldwell is prescribed.
For the purpose of passing on the exception of prescription, we have before us only the pleadings and the record of the suit filed against Dr. Carroll. We note that Caldwell acknowledged the supplemental and amending complaint filed against it with the Patient's Compensation Fund, attaching a copy to its exception of prescription. Plaintiffs allege in the original petition filed against Dr. Carroll facts which are sufficient on their face, if not controverted, to establish that suit against Dr. Carroll was timely filed. Plaintiffs further allege that Dr. Carroll committed malpractice "in failing to x-ray the decedent and in failure to diagnose lung cancer" and that such failure greatly minimized decedent's chances for successful or life-prolonging treatment. Plaintiffs' supplemental and amending complaint alleges that Caldwell failed to take an ordered x-ray, or, if the x-ray was taken, failed to interpret the x-ray.
It is patent on the face of the record that Caldwell is solidarily liable with Dr. Carroll under the facts alleged, there being no controverting evidence. Plaintiffs are entitled, therefore, to present their evidence and have their case heard on the merits. Pearson v. Hartford Accident and Indemnity Co., 281 So.2d 724 (La.1973). A plea of prescription may be sustained later in the proceeding if it should be established that no solidary liability exists and, therefore, suit against Caldwell was not timely instituted. Pearson, supra.

CONCLUSION
Following the rationale of White, supra, and Hebert, supra, we find that the timely-filed suit against Dr. Carroll interrupted prescription on the action against Caldwell. We reverse, therefore, the trial court's judgment sustaining Caldwell's exception of prescription. Costs of this appeal are assessed to Caldwell.
REVERSED.
NOTES
[1] See also Reeder, supra, in which the supreme court, citing Hebert, stated, "We have held that the medical malpractice statute of limitations period is prescriptive rather than peremptive, with the qualification that the discovery rule is expressly made inapplicable after three years." Reeder, supra.
[2] The applicable sections of the Medical Malpractice Act were amended in 1991. LSA-R.S. 40:1299.47 currently provides, in pertinent part, that the filing of the request for a review of a claim shall suspend the time within which suit must be instituted until ninety days following notification to the claimant or his attorney of the issuance of the opinion by the medical review panel, rather than formation of the panel, as provided under the former law. This court has held the amendment not to be retroactive. Bishop, supra.
[3] We note that the fourth circuit reached a similar decision in Guarino v. Pendleton Memorial Methodist Hospital, 94-1264 (La.App. 4th Cir. 2/23/95), 650 So.2d 1243. The fifth circuit reached the opposite conclusion in Trosclair v. Cohen, 576 So.2d 1230 (La.App. 5th Cir.1991), however, we note that this decision was reached before decision in White, supra.