685 So.2d 371 (1996)
William H. WEST and Dorothy D. West
v.
The PARISH OF JEFFERSON and ABC Insurance Company.
No. 96-CA-530.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 1996.
*373 John H. Thomas, Arnold, Thomas, & Gillio, New Orleans, for Plaintiffs/Appellants.
Jan P. Jumonville, Metairie, for Defendant/Appellee City of Kenner.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiffs, William and Dorothy West, appeal a decision of the trial court granting an exception of prescription filed by defendant, City of Kenner (City), and dismissing the action. We affirm.
The Wests filed this action on June 1, 1992, naming the Parish of Jefferson (Parish) and its insurer, named as a fictitious party in the petition, as defendants. The petition for damages asserts that, on June 25, 1991, William West tripped over a "raised drainage pipe attached to a water meter located in the front yard" of a residence rented by his stepson, Phillip D. Verge, Sr. The petition further alleges that, "Jefferson Parish was the owner, installer and maintainer", of the drainage pipe and water meter. The petition makes a claim for damages for physical injuries sustained by William West in the fall, and also for loss of consortium damages sustained by his wife, Dorothy West.
In due course, the Parish answered the petition and the parties began the discovery process. On September 10, 1992 the deposition of plaintiff, William West, was taken. During his deposition, Mr. West was shown a photograph of the water meter at his stepson's home. Mr. West explained that the area around the water meter depicted in the photograph was not the area in which he tripped and fell. Mr. West drew a diagram of the pipe over which he tripped, and testified that it was a brown pipe located in a grassy area between the drive and the hedge. Subsequently, on June 16, 1993 plaintiffs filed an amended petition to include the City and its insurer, identified as a fictitious party, as defendants alleging that, "the Parish of Jefferson and/or The City of Kenner was the owner, installer and maintainer" of the drainage pipe. Also included as a defendant in that amended petition is the Resolution Trust Corporation.
On May 16, 1993, the Parish filed a motion for summary judgment asserting that the pipe over which Mr. West tripped is not a pipe connected with a water main owned by the Parish, but rather a sewerage clean-out pipe owned and maintained by the City. After a hearing on the merits, the motion was granted on August 10, 1994, dismissing the Parish from the suit. That judgment was not appealed and is now final.
On August 18, 1994, the City filed an exception of prescription, combined with a motion for summary judgment, in which it argued the amended petition which named the City as defendant was brought beyond the liberative period of one year. Further, the City argued that because there are no defendants named in the original petition remaining, and the City is not a solidary obligor with the Parish, the amended petition does not relate back to the original petition. On March 14, 1995, the trial court maintained the exception of prescription, and consequently ruled the motion for summary judgment moot. Plaintiffs appeal that judgment.
The issue presented to us is whether the post-prescriptive period amended petition naming the City as defendant relates back to the original petition for purposes of prescription.
In brief to this Court, plaintiffs argue that the amended petition relates back to the original petition, or in the alternative, that the City should not be allowed to benefit from a mistake in pleading which was induced by a City employee.
LSA-C.C. article 3492 provides in pertinent part that, "delictual actions are subject *374 to a liberative prescription of one year". LSA-C.C.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
Under circumstances established by the Louisiana Supreme Court in Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), an untimely filed amended petition can "relate back" to a timely filed petition for damages. The criteria for determining whether art. 1153 allows an amendment, which changes the identity of a defendant, to relate back to the date of filing of the original petition are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Ray v. Alexandria Mall, supra at 1087.
The jurisprudence creates an exception to article 1153 where the defendant being substituted has received notice such as to preclude prejudice to his defense, and where he knew or should have known that, but for a mistake, the action would have been brought against him. Ray v. Alexandria Mall, supra.; Trosclair v. Cohen, 576 So.2d 1230, 1232 (La.App. 5 Cir.1991).
Since both parties agree that the claim in the amended petition arises out of the same occurrence set out in the original petition, the issues for our consideration are whether the City had notice of the suit sufficient to maintain a defense, and whether the City is a wholly new or unrelated defendant.
Plaintiffs argue that the City had notice of the suit by publication of a legal notice in the local newspaper, and by the filing of the petition in the public record in Jefferson Parish. Plaintiffs also argue that, because the City bills its residents for sewerage and drainage services through a special assessment added to their water bills issued by the Parish, the City and the Parish have a financial relationship which is sufficient to allow the substitution of the City for the Parish in the suit as a related party.
In support of their position, plaintiffs cite, Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). In Findley, plaintiff sued the City of Baton Rouge for injuries sustained in a public park. Subsequently, he filed an amended petition against the Recreation and Park Commission for the Parish of East Baton Rouge (BREC). In ruling that the amended petition related back to the original petition, the Supreme Court explained:
The gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or nonpreservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Tate, Amendment of Pleadings in Louisiana, 43 Tulane Law Review 211 (1969). While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Allstate Insurance Co. v. Theriot, 376 So.2d 950 (La.1979); Giroir v. South Louisiana *375 Medical Center, 475 So.2d 1040 (La.1985). The federal courts have liberally applied the doctrine of relation back, especially if no disadvantage will accrue to the opposing party. Williams v. United States, 405 F.2d 234 (5th Cir.1968); 1A Barron & Holt, Federal Practice and Procedure Sec. 448 (Wright ed. 1960).

Findley v. City of Baton Rouge, supra. at 1170
The facts in Findley show that the amended petition did not prejudice BREC in preparing and conducting its defense because there was no prejudice by loss of opportunity to investigate. In that case the City was notified about six weeks after the accident and performed an investigation. The information gathered in that investigation was made available to BREC. Further, there was an identity of interest between the parties because the Court found that the City and BREC had a parent corporation and wholly owned subsidiary relationship.
Such is not the case in the matter at hand. Suit was filed against the Parish almost one year after the accident. There are no assertions that either the Parish or the City was notified of the incident before the filing of the suit. In the original petition Mr. West alleged he tripped over a "drainage pipe connected to a water meter" owned by the Parish. It was apparent only after Mr. West's deposition in June, 1993, two years after the accident, that he actually tripped over a sewerage pipe owned by the City. The record contains affidavits of City officials and representatives of the City's insurer, United States Fidelity and Guaranty Insurance Company, which confirm that service of the amended petition in July, 1993 provided the City with the first notice of the accident. There is no proof or evidence whatsoever to support the allegations that the City was either informed of the suit or should have been informed, or that the City received notice of the filing of the suit within the prescriptive period. See; Hernandez v. Plaquemines Parish School Bd., 563 So.2d 516 (La.App. 4 Cir.1990).
We do not find plaintiffs' second argument, that the City and the Parish have a connexity of relationship sufficient to make them related parties, any more convincing. There must be an identity of interest between the originally named defendant and the party the plaintiff actually intended to sue sufficient enough that institution of the action against one serves to provide notice of the litigation to the other. Sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities. Findley v. City of Baton Rouge, supra.
The City offered the affidavit of Charlotte Burnell, the Chief Administrative Officer of Kenner. In her affidavit, Ms. Burnell made the following affirmations:
That the City of Kenner is responsible for providing sewerage services to the citizens of Kenner, their homes and businesses; and, the Parish of Jefferson is responsible for providing water services.
That the Mayor of the City of Kenner or any other city official or employee is not a member of the Parish of Jefferson's Water Department or Commission.
That the City of Kenner's governing body and/or its Chief Executive does not appoint any member of the Parish of Jefferson's Water Department or Commission.
That the City of Kenner does not use any properties owned by the Parish of Jefferson in connection with the Wastewater Department for the City of Kenner or the sewerage system it provides to the citizens of the City of Kenner.
That the Parish of Jefferson includes the charge for sewerage services provided by the City of Kenner, collects the amount for the sewerage service and submits same to the City of Kenner.
That the Parish of Jefferson does not use the Parish of Jefferson's Engineering Department for roadway improvements in connection with the road bond projects paid for by the City of Kenner but authorized through the Parish of Jefferson.
That the City of Kenner does not use the Parish of Jefferson's building maintenance, central garage or purchasing divisions.

*376 That the City of Kenner is not part of nor is it authorized to present a capitol budget annually to the Parish of Jefferson Planning Commission.
That the Parish of Jefferson's Planning Commission does not have the right to approve the City of Kenner's issuance of bonds and certificates of indebtedness as well as appropriations for purchases of land and construction of buildings in connection with the City of Kenner's sewerage system.
Based on the record before us, we do not find a relationship between the City and the Parish such that they are related parties for purposes of substitution which would allow the amended petition to relate back to the original petition pursuant to LSA-C.C.P. art. 1153.
In the alternative, the plaintiffs argue that the City should not be allowed to benefit from plaintiffs' mistake in pleading because the mistake was induced by the misrepresentations of a City employee. Plaintiffs assert that Mr. West's stepson, Mr. Verges, complained about the pipe protruding in his front yard approximately two months before the accident occurred, and was told by a City employee that the Parish owned the pipe. The record contains an affidavit in which Mr. Verges affirms that he called the City Office of Public Works in April, 1991 to complain about the hazardous condition of the pipe. He described the pipe to a receptionist who told him, "to contact the Jefferson Parish Water Department". Mr. Verges also stated that he did notify the Parish Water Department, but neither the City nor the Parish took action to correct the condition.
Contra non valentem is a judicially created exception to the general rules of prescription. The basis for the doctrine is equity and justice which demands that, under certain circumstances, prescription should be suspended because the plaintiff was effectively barred from enforcing his rights for reasons external to his own will. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206 at 211. In Spruiell v. Ludwig, 568 So.2d 133 at 138 (La.App. 5 Cir.1990), writ denied 573 So.2d 1117 (La.1991), this Court stated the law on the doctrine of contra non valentem agere nulla currit praescriptio:
A judicially created exception to the running of liberative prescription is afforded by the doctrine of contra non valentem agere nulla currit praescriptio, (prescription does not run against one who is unable to act). The four recognized situations where the doctrine applies to prevent the running of prescription are:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. (citations omitted).
Plaintiffs' claim that the City engaged in conduct which prevented them from knowing the proper party to sue fits most closely into the third category. The plaintiff bears the burden of showing why prescription has not run when the face of the petition reveals that the action is prescribed. Wimberly v. Gatch, supra, 635 So.2d at 211. We find that a misrepresentation of ownership of the pipe, by a receptionist in the City Department of Public Works two months before the accident, fails to meet plaintiffs' burden of proof under the circumstances of this case. Consequently, we find no merit in this argument.
Plaintiffs also argue the merits of the motion for summary judgment filed by the City and declared moot by the trial court. Since there has been no ruling on the merits of the summary judgment by the trial court; and because we find the trial court was correct in ruling that the action against the City has prescribed, we pretermit discussion of this assignment of error.
*377 For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.