| .EDWARDS, Judge.
Plaintiff/appellant Carol Hill appeals the judgment of the trial court granting the exception of prescription filed by defendants/appellants Shell Oil Company, Jacqueline McCarthy Delaune and Patricia McCarthy Pandleton (collectively “Shell”). Hill allegedly sustained injuries from a slip and fall at the Shell Station at the intersection of North Causeway Boulevard and Veterans Boulevard. Only fictitious, defendants were named in the original petition. Approximately five years after the original petition was filed, Hill filed a supplemental and amending petition to name Shell Oil, Delaune and Pandleton as defendants. The trial court granted the exception of prescription filed by Shell. For the following reasons, we affirm the judgment of the trial court.
In her original petition for damages filed on March 22, 1994, Hill alleged that she sustained" injuries from a slip and fall at the Shell Service Station on March 22, 1991. Only fictitious defendants were named in the pleading. Hill | .claims that she was unable to ascertain the identities of the proper parties at that time. Service was held as to all of the fictitious defendants. Shell Oil Company was neither named as a defendant nor was service requested upon it.
On March 19, 1999, Hill filed a first supplemental and amending petition naming Shell Oil Company, XYZ Insurance Company, Jacqueline McCarthy Delaune, Patricia McCarthy Pandleton and CDE Insurance Company as defendants. Subsequently, on May 10, 1999, Shell filed an exception of prescription. The basis for this exception was the fact that the accident allegedly occurred on March 22, 1991, but suit was not filed until March 22, 1994. The filing was well beyond the one year prescription period for the accident.
On June 7, 1999, Hill filed a second supplemental and amending petition to change the date of the accident from March 22, 1991 to March 22, 1993. Hill alleged that the original petition contained a typographical error. On June 22, Í999, Shell filed a second exception of prescription to encompass the second supplemental and amending petition.
A hearing on Shell’s exception of prescription was heard on July 13,1999 before the Honorable Charles V. Cusimano, II of the Twenty-Fourth Judicial District Court. After taking the matter under advisement, the trial court issued a judgment that same day granting Shell’s exception and dismissing Hill’s cause of action as prescribed. Hill filed a petition for appeal on September 13, 1999 which was subsequently granted by the trial court. The matter is now before this Court for review.
LAW AND ANALYSIS
Hill alleges two assignments of error on appeal. In her first assignment of error, Hill alleges that the trial court erred when it granted Shell’s exception of Lprescription. In her second assignment of error, Hill alleges that the trial court erred when it used liberative prescription as a mode of barring actions as a result of inaction when there is no prescription other than that established by legislation. These assignments of error are without merit and the judgment of the trial court must be áffirmed.
The issue in this case is whether Hill’s claim " had prescribed because she only filed suit against fictitious defendants and did not amend the petition for almost five years. Prescription is not interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some *513 other means.[1] Such petitions are without legal effect.[2]
Under certain circumstances, an untimely filed amended petition can “relate back” to a timely filed petition for damages.[3] The criteria for determining whether LSA-C.C.P. art. 1153 allows an amendment, which changes the identity of a defendant, to relate back to the date of filing of the original petition are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a |Knew cause of action which would have otherwise prescribed.[4]
The jurisprudence creates an exception to article 1153 where the defendant being substituted has received notice such as to preclude prejudice to his defense, and where he knew or should have known that, but for a mistake, the action would have been brought against him.[5]
Hill has not met the criteria to allow the amended petition to relate back to the timely filed original petition. While the amended claim arises out of the same transaction or occurrence set forth in the original pleading, the purported substitute defendants did not receive notice of the action and had no way of knowing that suit had been filed. Shell Oil Company was the only known defendant at the time the original petition was filed and it was not served by Hill. The exception to LSA-C.C.P. art. 1153 cannot apply in this case. The cause of action has prescribed and the trial court properly dismissed the case.
In summary, it is the opinion of this Court that the trial court did not err in granting Shell’s exception of prescription and dismissing Hill’s cause of action. Hill waited almost five years to substitute the parties and never gave any notice to them that suit had been filed. Furthermore, the one defendant that was known to Hill, namely Shell Oil, was not named or served with the original petition at the time of filing. None of the defendants had any way of knowing about the suit until almost five years after it was filed. Prescription was not interrupted. The judgment of the trial court must be affirmed.
AFFIRMED.

. Doe v. Doe, 95-0006 (La.App. 1st Cir. 10/6/95), 671 So.2d 466; writ denied, 95-2671 (La.1/12/96), 667 So.2d 523.

. Id. at 473.

. West v. Parish of Jefferson, 96-530 (La.App. 5th Cir. 11/26/96), 685 So.2d 371.

. Id. at 374.

. Id.