817 So.2d 209 (2002)
Reginald DRAKE,
v.
SARPY PROPERTIES, INC. and Westside South Partners, A Partnership in Commendam, a/k/a Westside South Partnership.
No. 01-CA-1323.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
*210 John B. Lambremont, Sr., Baton Rouge, LA, for Appellant.
Diane Kathleen O'Hara, Marrero, LA, for Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
EDWARDS, Judge.
Plaintiff/Appellant appeals the trial court's ruling that held that his claim against defendant, Westside South Partners, had prescribed. For the following reasons, the judgment of the trial court is affirmed.
Plaintiff, Reginald Drake, ("Drake"), alleges that On May 26, 1995 he sustained a range of injuries as the result of stepping into a hole within the parking lot of the Westside Shopping Center, located in Gretna, Louisiana. Drake subsequently retained legal counsel, who contacted the Jefferson Parish Assessor's Office by phone for the purpose of obtaining the identity of Westside Shopping Center's owner. Counsel for Drake asserts that in response to the inquiry, the Assessor's office provided him with the name Sarpy Properties, Inc. On May 24, 1996, Drake filed suit against Sarpy Properties, Inc., believing it to be the proper defendant, as reported owner of Westside Shopping Center.
On December 1, 1997, Sarpy Properties filed a Motion for Summary Judgment on the basis that it was not the owner or custodian of Westside Shopping Center, and was dismissed with prejudice on *211 March 31, 1998. Prior to Sarpy's dismissal, Drake discovered that Westside Shopping Center was truly owned by Westside South Partners, ("Westside") and accordingly filed a Supplemental and Amending Petition on January 2, 1998. After service was made upon Westside in March of 2001, it filed a Peremptory Exception of Prescription asserting that Drake's claim against it was made nearly two and a half years after the alleged accident. Westside also filed a Motion to Dismiss for Abandonment on the basis that no steps had been taken in the prosecution of Drake's claim for more than three years. After a hearing on Westside's motions, the trial court maintained both the Exception of Prescription and Motion to Dismiss for Abandonment, and signed the judgment to dismiss Drake's suit on July 31, 2001. Drake timely filed this appeal.

LAW AND ANALYSIS
In his first assignment of error, plaintiff contends that the trial court erred in maintaining Westside's Peremptory Exception of Prescription, arguing that one year liberative prescription did not begin to run until his discovery of the correct identity of the defendant. Conversely, Westside argues that the plaintiff did not use reasonable diligence in finding out who owned the property where the accident occurred to the extent that contra non valentum agere nulla currit praescripto would apply.
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong."[1] The issue is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was reasonable.[2]
LSA-C.C. art. 3492 states in relative part, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LSA-C.C.P. art. 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
In West v. Parish of Jefferson,[3] we noted the criteria used by the Louisiana Supreme Court to determine whether art. 1153 allows an amendment, which changes the identity of a defendant, to relate back to the filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.[4]
*212 In this case, Westside entered into evidence the affidavit of John Heekin, property manager of the Westside Mall, which stated that Westside is not a parent or subsidiary or alter ego of Sarpy; that Westside did not become aware of the lawsuit filed by Mr. Drake until over six years following the accident, and that there was no investigation of the alleged accident forming the basis of this suit by Westgate until after it was served. These attestations have not been refuted by plaintiff. In this case, while the amended claim does arise out of the same transaction or occurrence set forth in the original pleading, based on our review of the record, we find that plaintiff has not met the other requirements that would have allowed the amendment to relate back to the time of the original filing of the petition.
Plaintiff argues that under the doctrine of contra non valentum agere nulla currit praescripto, his case has not prescribed. Specifically, plaintiff asserts that in relying on the information provided to him by the Jefferson Parish Assessor's Office as to the property's owner, he used reasonable diligence. Contra non valentem is a judicially created exception to the general rules of prescription. The basis for the doctrine is equity and justice which demands that, under certain circumstances, prescription should be suspended because the plaintiff was effectively barred from enforcing his rights for reasons external to his own will.[5] In Spruiell v. Ludwig,[6] this Court recounted the law on the doctrine of contra non valentem agere nulla currit praescriptio:
A judicially created exception to the running of liberative prescription is afforded by the doctrine of contra non valentem agere nulla currit praescriptio, (prescription does not run against one who is unable to act). The four recognized situations where the doctrine applies to prevent the running of prescription are:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or
connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based.[7] Hence, prescription does not accrue. It does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, and unreasonable.[8] The plaintiff further bears the burden of showing why prescription has *213 not run when the face of the petition reveals that the action is prescribed.[9]
For purposes of the discovery doctrine of contra non valentem, a plaintiff will be deemed to know that which she could have learned from reasonable diligence.[10] The plaintiff must show that he did not know of facts upon which to base a claim nor did she have reason to know or discover such facts, and that the lack of knowledge is not attributable to his fault.[11] In West, supra, we considered a similar issue of whether a plaintiff who relied on misrepresentations of property ownership by a receptionist at the City of Kenner's Public Work's Department during a phone call could then invoke the doctrine of contra non valentum to defeat an exception of prescription granted in favor of the defendant, after the plaintiff had filed suit against the wrong party while relying upon the misrepresentation. In that case, we found that the misrepresentation by the receptionist, which occurred two months before the accident forming the basis of the suit, and the plaintiff reliance upon that information in filing suit at a later date, failed to meet the plaintiffs' burden of proof for defeating prescription under the circumstances of the case.
Similarly, in this case, the plaintiff claims that there was an error by a public employee in providing the incorrect information, and that there was no neglect or fault in relying on the information provided. Westside argues, however, that it would have been diligent for Drake to obtain a copy of the written record from the Assessor's Office, which would have resulted in Drake confirming the information he needed regarding the ownership of property located at 62 Westbank Expressway. We are persuaded by Westside's argument and find that the true identity of the defendant could have been ascertained by reasonable diligence, as the information was readily available and verifiable to the plaintiff. To hold otherwise would subject Westside to prejudice in preparing and conducting its defense to an alleged incident that occurred nearly six years before it was served with the suit. As we noted in West, "A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non preservation of relevant proof."[12] Accordingly, we find that the trial court did not err in finding that Drake's claim against Westside had prescribed. In light of this finding, we pretermit discussion on plaintiff's remaining assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Rosell v. ESCO, 549 So.2d 840 (La.1989).
[2] Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
[3] 96-530 (La.App. 5 Cir. 11/26/96), 685 So.2d 371.
[4] Id., citing Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
[5] Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206 at 211.
[6] 568 So.2d 133 at 138 (La.App. 5 Cir.1990); writ denied 573 So.2d 1117 (La.1991).
[7] Wimberly v. Gatch, 635 So.2d at 211.
[8] Turnage v. Columbia Lakeside Hosp., 98-1263 (La.App. 5 Cir. 3/30/99), 731 So.2d 919, 922; writ of error denied, 745 So.2d 26 (La. 1999).
[9] Wimberly v. Gatch, supra, 635 So.2d at 211.
[10] Hospital Service Dist. No. 1 of Jefferson Parish v. Alas, 94-897 (La.App. 5 Cir. 6/28/95), 657 So.2d 1378; writ of certiorari denied, 662 So.2d 473 (La.1995).
[11] Id.
[12] West, supra.