GASKINS, J.
 

 hThe plaintiff, Hosea Levingston, appeals from a trial court judgment sustain
 
 *945
 
 ing an exception of prescription in favor of the State of Louisiana, through the Department of Transportation and Development (DOTD). For the following reasons, we affirm the trial court judgment.
 

 FACTS
 

 The plaintiff is the owner of Big D’s Bar-B-Que located at the corner of North Common and Caddo Streets in Shreveport. On December 26, 2005, an auto accident occurred close to the business and Mr. Levingston walked out to the street to assist. He stepped on a drainage basin cover which shifted and caused him to fall into a manhole. He claimed that he was injured. On December 6, 2006, Mr. Lev-ingston filed suit against the City of Shreveport (City).
 

 After discovery was conducted, it was determined that the drainage basin was owned by the DOTD and not the City. The cover had, in large letters, the inscription “L.D.H.” apparently standing for the Louisiana Department of Highways. It also had the inscription, “Shreveport, LA.” Discovery showed that the drainage basin and cover were located at the intersection of two state highways. The City had an agreement with the DOTD to mow and pick up litter along state highways within the Shreveport city limits. However, there was no agreement to maintain the DOTD’s streets or drainage system.
 

 On March 27, 2007, the City filed an amended answer denying ownership and custody of the drainage basin. On May 23, 2007, the City filed a motion for summary judgment claiming that the City did not have a | ¿contract with the DOTD to maintain the drainage basin and that it had no notice of a defective condition. This motion for summary judgment was later granted.
 

 On May 11, 2007, more than one year after the date of the accident, the plaintiff filed an amended petition naming the DOTD as a defendant. On September 6, 2007, the trial court signed a ruling granting summary judgment in favor of the City, dismissing the plaintiffs claims against it. On December 6, 2007, the DOTD filed an exception of prescription claiming that the plaintiffs amended petition, adding the DOTD as a defendant, did not relate back to the original filing of suit on December 6, 2006. Therefore, the DOTD argued that any claims the plaintiff might have against it are prescribed.
 

 Argument on the exception was held on February 4, 2008. The DOTD argued that the City and the DOTD are separate entities and there was no agreement between them for the City to maintain the DOTD’s drainage system within the city limits of Shreveport. The only agreement between the entities concerned mowing and litter pick-up. The plaintiff argued that the one-year prescriptive period for delictual actions, under La. C.C. art. 3492, should not be the main concern of the court. Rather, the court should concentrate on whether the DOTD will be prejudiced by the late amendment of the pleadings. The plaintiff claimed that, because the City timely received notice and investigated the matter, no evidence or witnesses have been lost and therefore, the DOTD will not be prejudiced.
 

 |:!On March 14, 2008, the trial court filed its reasons for judgment on the exception of prescription. The trial court found that the City and the DOTD were different and distinct legal entities and the addition of the DOTD, almost 18 months after the accident, deprived the DOTD of its opportunity to investigate the case before the evidence became stale. The trial court stated, “The DOTD had no notice within the one-year prescriptive period, and the Court infers prejudice to DOTD by this late amendment naming it as a party de
 
 *946
 
 fendant.” The trial court sustained the exception of prescription in favor of the DOTD. The judgment was signed April 1, 2008. The plaintiff appealed.
 

 PRESCRIPTION
 

 The plaintiff has raised three assignments of error objecting to the trial court judgment granting the exception of prescription in favor of the DOTD and dismissing the plaintiffs claims against it. The plaintiff argues that the trial court erred in sustaining the exception of prescription on the basis of inferred prejudice, in sustaining the exception when no evidence of prejudice was presented by the DOTD, and in concluding that the amended petition did not relate back to the original timely filed petition against the City.
 

 The plaintiff contends that the trial court had no legal basis on which to infer that the DOTD would be prejudiced by the late filing of the petition against it. The plaintiff argues that the DOTD has failed to argue or show actual prejudice. The plaintiff maintains that there is no showing that the|4DOTD has disposed of any documents or lost any witnesses who have become unavailable because of the delay. Accordingly, the plaintiff maintains that the DOTD has not been deprived of any defense and the evidence has not become stale. These arguments are without merit.
 

 Legal Principles
 

 In this case, the plaintiff timely filed suit against the City. A year after the accident, discovery revealed that the City did not own the drainage basin and the City amended its answer. The DOTD was added as a defendant after the running of the one-year prescriptive period in this matter. The plaintiff argues that the amendment of his pleadings adding the DOTD should relate back to the date of the timely filing of the original petition in this matter. The relation back of pleadings is governed by La. C.C.P. art. 1153 which provides:
 

 When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
 

 La. C.C.P. art. 1153 attempts to strike a balance between a plaintiffs right to proceed against the correct defendant and the defendant’s right to be free from stale and prescribed claims. New plaintiffs and defendants may be added by amended pleadings if the applicable criteria are met.
 
 Allstate Insurance Company v. Doyle Giddings, Inc.,
 
 40,496 (La.App.2d Cir l/25/06),5 920 So.2d 404,
 
 writ denied,
 
 2006-0425 (La.4/28/06), 927 So.2d 294.
 
 [1]
 

 In
 
 Ray v. Alexandria Mall, Through St Paul Property & Liability Ins.,
 
 434 So.2d 1083 (La.1983), the Louisiana Supreme Court established the following criteria for determining whether La.
 
 *947
 
 C.C.P. art. 1158 allows an amendment which changes the identity of the party or parties sued to relate back to the date of the filing of the original petition:
 

 (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
 

 (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
 

 (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
 

 (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
 

 The doctrine of relation back should be liberally applied, particularly in the absence of prejudice.
 
 Allstate Insurance Company v. Doyle Giddings, Inc., supra.
 

 | ^Discussion
 

 Regarding the first criterion in
 
 Ray,
 
 there is no dispute that the amended claim arises out of the same transaction or occurrence set forth in the original pleading.
 

 However, we find that the trial court did not err in finding that the second criterion in
 
 Ray
 
 was not met. Under that criterion, the defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits. The gravamen of the second criterion is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or nonpreservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period.
 
 Findley v. City of Baton Rouge,
 
 570 So.2d 1168 (La.1990). See also
 
 Renfroe v. State, Department of Transportation and Development, supra.
 

 It is undisputed that the DOTD did not receive notice of the institution of the suit within the prescriptive period. The plaintiff argues |7that notice is not technically necessary, but the real issue is whether the defendant would be prejudiced by lack of notice. This argument is based largely on
 
 Findley v. City of Baton Rouge, supra,
 
 in which the plaintiff was injured in a Baton Rouge park and timely filed suit against the city of Baton Rouge. After learning that the park was owned by the Recreation and Park Commission of East Baton Rouge Parish (BREC), the plaintiff added that entity as a defendant in an untimely amended petition. The supreme court found that the amendment related back because there was an identity of interests between Baton Rouge and BREC. According to the court in
 
 Findley,
 
 when there is an identity of interests between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that
 
 *948
 
 the institution of the action against one serves to provide notice of the litigation to the other. Sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities, an identity of interests having been found between a parent corporation and a wholly owned subsidiary.
 
 Findley v. City of Baton Rouge, supra.
 

 In
 
 Findley,
 
 the relationship between Baton Rouge and BREC was so close that service on Baton Rouge provided notice of the litigation to BREC. Members of the BREC commission were appointed by the Baton Rouge mayor or his designee. BREC used city property and the city government made appropriations for BREC’s support. The supreme court found that these factors made the relationship between Baton Rouge and |SBREC much the same as a parent corporation and a subsidiary which is a separate legal entity. Under the facts of
 
 Findley,
 
 where there was a very close relationship between the two governmental entities and there was an absence of prejudice to the entity named in the amendment, institution of suit against Baton Rouge served to provide such notice of the institution of the action that BREC was not prejudiced in maintaining its defense on the merits.
 

 In the present case, there is no showing that the City and the DOTD had an identity of interests such that notice to the City served as notice to the DOTD. The facts of the present case are similar to those in
 
 Renfroe v. State, Department of Transportation and Development, supra,
 
 in which the plaintiff filed suit against the DOTD individually and on behalf of the estate of his wife who died in an automobile accident on Causeway Boulevard in Jefferson Parish. The plaintiff alleged that improper construction, maintenance and design of Causeway Boulevard caused the accident. The plaintiff named the DOTD because of road signs indicating that portions of Causeway Boulevard belonged to the state highway system and because the Louisiana State Police investigated the accident.
 

 More than one year after the accident, the plaintiff in
 
 Renfroe
 
 amended his petition to add Road District No. 1 of Jefferson Parish and the Greater New Orleans Expressway Commission (GNOEC), the entities purportedly responsible for the roadway where the accident occurred. The DOTD was released on a motion for summary judgment based on a showing that the area where the accident occurred was not a state highway. | flThe supreme court considered arguments very similar to those made in the present case, but concluded that there was no identity of interests between the DOTD, Road District No. 1, or the GNOEC. The court found that the relationship between these entities had none of the components of a parent corporation and a wholly owned subsidiary as was found in
 
 Findley.
 

 The plaintiff in the present case claims that no prejudice would result to the DOTD by being added late as a defendant because the City had conducted discovery which would be available to the DOTD. The trial court found inferred prejudice, to which the plaintiff objects. The facts show that the identity of interests is not so close that relation back should be allowed in this matter. In the present case, the plaintiff has failed to show an identity of interests between the City and the DOTD such that notice to one served as notice to the other.
 

 Ernie Negrete, superintendent for streets and drains for the City, stated in his deposition that the City had no responsibility for maintaining state drainage. There was a contract between the City and the DOTD that covered only mowing of
 
 *949
 
 grass and picking up litter along state highways.
 
 [2]
 

 There is no showing that the DOTD was aware of the filing of this lawsuit until it was added as a defendant in May 2007. Unlike the situation in
 
 Findley,
 
 the DOTD and the City were not so closely tied that one entity exercised partial control of the operations of the other. There was no identity of interests such that notice of the original filing of the suit in this |10case served as notice to the DOTD. Based upon this record, the second criterion of
 
 Ray
 
 has not been met.
 

 The third criterion of
 
 Ray
 
 requires that the purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him. There is no showing in this case that the plaintiff mistakenly sued the wrong party due to a mistake of identity or that this fact was known by the DOTD. Here the plaintiff believed that the City was responsible for the drainage basin and named the City as the defendant in this suit.
 

 The fourth criterion of
 
 Ray
 
 requires that the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. In the present case, the plaintiff first sued the City, fully believing that it owned and was responsible for the drainage basin. In
 
 Renfroe,
 
 the supreme court noted that the
 
 Ray
 
 criteria seek to prevent injustice to plaintiffs who mistakenly name an incorrect defendant, at least where there is no prejudice to the subsequently named correct defendant. The court went on to find that the rule does not apply when the amendment seeks to name a new and unrelated defendant. As discussed above, there was no identity of interests between the City and the DOTD. The DOTD was a new and unrelated defendant. Therefore, the fourth criterion of
 
 Ray
 
 has not been met in this matter.
 

 InThe facts of the present case are also similar to those of
 
 West v. Parish of Jefferson,
 
 96-530 (La.App. 5th Cir.11/26/96), 685 So.2d 371. In
 
 West,
 
 the plaintiff filed suit against the Parish of Jefferson (Parish) claiming damages for injuries resulting when he tripped over a raised drainage pipe connected to a water meter located in the front yard of a residence rented by the plaintiffs son. More than one year after the accident, the plaintiff amended his petition to name the City of Kenner (Kenner) as a defendant. The Parish was dismissed pursuant to its motion for summary judgment asserting that the pipe was owned and maintained by Kenner. Kenner filed an exception of prescription which was granted by the trial court.
 

 In affirming, the appellate court found that there was no proof or evidence to support the allegations that Kenner was either informed or should have been informed of the lawsuit or that Kenner received notice of the filing of the suit within the prescriptive period. The appellate court stated that there was no connexity of relationship between Kenner and the Parish sufficient enough to make them related parties. Citing
 
 Findley,
 
 the court in
 
 West
 
 noted that there must be an identity of interests between the originally named defendant and the party the plaintiff actually intended to sue sufficient enough that in
 
 *950
 
 stitution of the action against one serves to provide notice of the litigation to the other. The
 
 West
 
 court observed that the sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and activities. In
 
 West,
 
 there was no identity of interests sufficient for the filing of suit against Kenner to relate back to the original suit filed against the Parish.
 

 | ^Similarly, in
 
 Newton v. Ouachita Parish School Board,
 
 624 So.2d 44 (La.App. 2d Cir.1993), the plaintiff sued individually and on behalf of her minor child. She claimed the child was beaten by other students at Carroll Junior High School in Monroe, Louisiana. The beating allegedly took place on September 12, 1991. The plaintiff filed her suit on Monday, September 14, 1992, naming the Ouachita Parish School Board (OPSB) as the defendant. The plaintiff later learned that school was controlled by the Monroe City School Board (MCSB), not the OPSB. On September 16, 1992, the plaintiff amended her petition to name MCSB as a defendant. The MCSB filed an exception of prescription. This court, in sustaining the exception of prescription, found no connexity between OPSB and MCSB. Therefore, it found that the amended petition did not relate back to the date of the filing of the original petition and did not interrupt the prescription against MCSB.
 

 In the present case, because the criteria of
 
 Ray
 
 are not satisfied in this matter, the trial court was correct in granting the exception of prescription in favor of the DOTD. We affirm the trial court ruling.
 

 CONCLUSION
 

 For the reasons stated above, we affirm the trial court judgment sustaining the exception of prescription on behalf of the State, through the Department of Transportation and Development, dismissing all claims by the plaintiff against it. Costs in this court are assessed to the plaintiff.
 

 AFFIRMED.
 

 [1]
 

 . Suit was timely filed against the City, but not against the DOTD. Under La. C.C. art. 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. Further, the interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. La. C.C. arts. 1799 and 3503. The same principle is applicable to joint tortfeasors. La. C.C. Art. 2324(C). However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to the plaintiffs since no joint or solidary obligation would exist. Because the timely sued defendant, the City, was dismissed from the suit, prescription against the DOTD is not interrupted and the plaintiff's suit against it has prescribed, unless some other basis exists to revive the suit. See
 
 Renfroe v. State, Department of Transportation and Development,
 
 2001-1646 (La.2/26/02), 809 So.2d 947.
 

 [2]
 

 . The City had not received any prior complaints about this drainage basin that would have been passed on to the DOTD. Therefore, there is no showing that the either the City or the DOTD had any actual notice of a problem with the drainage basin.