KRISTEN HOFF
v.
LOUISIANA SUPERDOME AND XYZ INSURANCE COMPANY
No. 2009-CA-0734
Court of Appeals of Louisiana, Fourth Circuit.
October 14, 2009
Not Designated for Publication
JOSEPH R. McMAHON III, ANTHONY S. MASKA, Counsel for Plaintiff/Appellant.
JAMES D. "BUDDY" CALDWELL, Attorney General M. CHADWICK PELLERIN, Assistant A.G. Counsel for State of Louisiana.
Court composed of Judge McKAY, III, Judge BAGNERIS, Sr., and Judge LOMBARD.
DENNIS R. BAGNERIS, Sr., Judge
Plaintiff/appellant, Kristen Hoff, appeals the trial court's judgment granting exceptions of no cause of action and prescription in favor of defendant/appellee, the State of Louisiana. For the reasons set forth below, we reverse and remand.
On January 4, 2008, Ms. Hoff filed the present action alleging injuries arising out of a slip and fall which allegedly occurred at the Louisiana Superdome on January 13, 2007. Ms. Hoof's petition named the Louisiana Superdome as the owner and custodian of the defective condition and XYZ Insurance Co. as the insurer. On January 23, 2008, the State of Louisiana, on behalf of the Louisiana Stadium and Exposition District, filed an exception of no cause of action and/or vagueness pursuant to La. C.C. art. 2317 on the basis of strict liability, asserting that Ms. Hoff failed to elicit any facts as to what caused her to fall. The exception was set for hearing, but was continued. On June 6, 2008, a motion to reset the exceptions was filed by the "Louisiana Stadium and Exposition District appearing on behalf of the Louisiana Superdome." Ms. Hoff amended her petition on September 30, 2008, adding a claim of gross negligence.
On December 18, 2008, the State filed exceptions of no cause of action and prescription arguing that Ms. Hoff's original petition and first amended petition failed to state a claim against a juridical person. The State submits that the Louisiana Superdome is not a legal entity subject to being sued or able to sue on its own behalf. In that respect, the State contends that Ms. Hoff's claim has prescribed.
On January 21, 2009, Ms. Hoff filed a motion for leave to file a second amended petition, seeking to rename defendant, the "Louisiana Superdome" as the "State of Louisiana". It is undisputed that the State of Louisiana is the owner of the Louisiana Superdome. On January 23, 2009, the State filed an objection to the second amended petition arguing that because there was no juridical person named in the original or first amended petitions, the second amended petition does not relate back to any joint tortfeasor; and, therefore, the case has prescribed. On January 26, 2009, the trial court granted Ms. Hoff's motion for leave to file the second amended petition.
The State's exceptions of no cause of action and prescription were heard on January 30, 2009. The trial court granted the exceptions from the bench; the judgment was rendered and signed on February 17, 2009. This appeal followed.
On appeal, Ms. Hoff asserts two assignments of error. First, the trial court erred in failing to grant her motion for leave to file a second amended petition. Second, the trial court erred by granting the State's exceptions of no cause of action and prescription in light of her motion for leave to amend.
At the outset, it should be noted that Ms. Hoff's motion for leave to file a second amended petition was granted, and the second amended petition, naming the State of Louisiana as the proper defendant, was duly filed. The pertinent question raised in this appeal is whether the second amended petition relates back to the original claim so as to defeat the defense of prescription.

Exception of Prescription:
La. C.C.P. art. 1153 states that an amended petition or answer can relate back to the original pleading if it "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." It is well established that the doctrine of relation back should be liberally applied, particularly in the absence of prejudice. Giron v. Housing Auth. of Opelousas, 393 So.2d 1267, 1270 (La. 1981); Levingston v. City of Shreveport, 44,000, p. 5 (La. App. 2 Cir. 2/25/09), 4 So.3d 942, 947; Cohen v. Brookshire Brothers, Inc., XXXXX-XXX, p. 6 (La. App. 3 Cir. 6/5/02), 819 So.2d 429, 433.
In Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins., 434 So.2d 1083, (La. 1983), the Louisiana Supreme Court analyzed La. C.C.P. art. 1153 regarding amendments that change the identity of parties and held that four requirements must be met in order to relate back to the date of the original petition: (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. Ray, 434 So.2d at 1087.
In the present case, we find the four requirements of Ray have been met. Regarding the first criterion in Ray, there is no dispute that the amended claim arises out of the same transaction or occurrence set forth in the original petition, i.e., plaintiff's slip and fall at the Louisiana Superdome.
Under the second criterion, the defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits. The Supreme Court in Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La. 1990) discussed in detail the second requirement in Ray, stating as follows:
The gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Tate, Amendment of Pleadings in Louisiana, 43 Tulane Law Review 211 (1969). While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Allstate Insurance Co. v. Theriot, 376 So.2d 950 (La.1979); Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985). The federal courts have liberally applied the doctrine of relation back, especially if no disadvantage will accrue to the opposing party. Williams v. United States, 405 F.2d 234 (5th Cir.1968); 1A Barron & Holt, Federal Practice and Procedure § 448 (Wright ed.1960).
In the present case, Ms. Hoff directed that service of the original petition be made on the Louisiana Superdome through registered agent, David Weidler. The record does not show a return of service of the petition. However, in response to the petition, James D. Caldwell, Attorney General for the State of Louisiana, through Assistant Attorney General, M. Chadwick Pellerin, filed an exception of no cause of action and/or vagueness on January 23, 2008. The record indicates that the exceptions were filed by the "State of Louisiana on behalf of the Louisiana Stadium and Exposition District." Furthermore, as previously stated, on June 6, 2008, a motion to reset the exceptions of no cause of action and/or vagueness was filed by the "Louisiana Stadium and Exposition District appearing on behalf of the Louisiana Superdome."
It is evident from the pleadings filed by defense counsel for the State of Louisiana that the State of Louisiana was aware of the institution of Ms. Hoff's action regarding the alleged slip and fall at the Louisiana Superdome. Furthermore, the State of Louisiana was not prejudiced in its defense of this action, as Ms. Pellerin has remained the attorney of record throughout these proceedings.
The third criterion of Ray requires that the purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him. In this case, the substitute defendant, the State of Louisiana, should have known that, but for the misnaming of the Louisiana Superdome as a defendant in the original petition, the initial claim would have been brought against it as the owner of the Louisiana Superdome.
Finally, the fourth criterion of Ray requires that the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to an assertion of a new cause of action which would have otherwise prescribed. The critical element in this analysis is notice. If the amendment is to relate back, the plaintiff must not sue a "wholly new or unrelated defendant" who would not have received notice of the original petition. Hardy v. A+ Rental, Inc. 95-2176, p. 3 (La. App. 4 Cir. 5/8/96), 674 So.2d 1155, 1157.
In Findley, the Supreme Court discussed the meaning of the term "wholly new or unrelated defendant" and the type of relationship that is necessary to satisfy the requirements of article 1153. The court described the relationship between the two defendants as an "identity of interest." Findley, 570 So.2d at 1171. A sufficient identity of interest provides the requisite notice and depends on the closeness of the relationship between the parties in their business operations and other activities. Id.
In Findley, the plaintiff was injured in a Baton Rouge park and timely filed suit against the City of Baton Rouge. After learning that the park was owned by the Recreation and Park Commission of East Baton Rouge Parish (BREC), the plaintiff added that entity as a defendant in an untimely amended petition. The Supreme Court found that the amendment related back because there was an identity of interests between Baton Rouge and BREC. In Findley, the relationship between Baton Rouge and BREC was so close that service on Baton Rouge provided notice of the litigation to BREC. Members of the BREC commission were appointed by the Baton Rouge mayor or his designee. BREC used city property and the city government made appropriations for BREC's support. The Supreme Court found that these factors made the relationship between Baton Rouge and BREC much the same as a parent corporation and a subsidiary which is a separate legal entity. Under the facts of Findley, where there was a very close relationship between the two governmental entities and there was an absence of prejudice to the entity named in the amendment, institution of suit against Baton Rouge served to provide such notice of the institution of the action that BREC was not prejudiced in maintaining its defense on the merits.
In the present case, the Louisiana Superdome and the State of Louisiana are obviously closely related. There is only one Louisiana Superdome and it is owned by the State of Louisiana. This situation is analogous to Ray, wherein the first named defendant was Alexandria Mall, also a non-existent legal entity, and the proper named defendant was a partnership which did business as Alexandria Mall Co.
As all four requirements for an amended petition to relate back to the date of filing the original petition have been met, we find the trial court committed error in sustaining the exception of prescription.

Exception of No Cause of Action: 
The State's exception of no cause of action is based on the fact that the Louisiana Superdome, named as defendant in the original and first amended petitions, is not a juridical person capable of being sued. Ms. Hoff was granted leave to file a second amended petition wherein the State of Louisiana was substituted as the proper defendant in place of the Louisiana Superdome. Although Ms. Hoff has failed to brief the issue in this appeal, we find the grounds of the objection pleaded by the peremptory exception of no cause of action were removed with the filing of the second amended petition. Accordingly, the trial court erred in granting the exception of no cause of action.

Decree
For the foregoing reasons, the judgment of the trial court granting the State of Louisiana's exception of no cause of action and prescription is reversed, and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED