# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2010

No. 09-31171
Summary Calendar

Lyle W. Cayce
Clerk

ANDREW MYERS; ZUELA MYERS,

Plaintiffs - Appellants

v.

PHILIP SERVICES CORP,

Defendant  - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV- 1785

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants Andrew and Zuela Myers appeal the district court's dismissal of their personal injury tort claim against Philip Services Corporation ("PSC") as prescribed under Louisiana law.  Their action arises from a July 2, 2004, automobile accident involving a pipe that was left on an interstate, hit by a car, became airborne, crashed into the window of the Myers' car, and struck Mr. Myers' head, causing injury.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31171

On September 14, 2004, the Myers filed suit, naming Desirae Strybos (the driver of the car), American National Insurance Company, Allstate Insurance Company, "XYZ Corporation," and "ABC Insurance Company" as defendants. Over the next five years, the Myers amended their complaint several times to add additional defendants. All of the original, timely defendants were dismissed as of January 20, 2009.[1]

On August 4, 2009, the Myers filed their Third Supplemental Petition, naming PSC as a defendant. This was the first time PSC had any notice of the suit, well after Louisiana's one-year prescriptive period had expired. Accordingly, PSC moved to dismiss. The Myers conceded that their claim was barred on the face of the petition, and instead argued that prescription was interrupted and that the petition related back to the original complaint. The district court granted the Appellee's motion to dismiss, holding that the Myers failed to present facts sufficient to demonstrate that prescription was interrupted and that their claim against PSC did not relate back to the original petition. The Myers appeal.

In Louisiana, personal injury torts are subject to a one-year prescription period. LA. CIV. CODE ANN. art. 3492. The Myers' delictual action against PSC was not filed during the one-year prescriptive period, although suit was timely filed against several other defendants. Filing suit against one alleged tortfeasor interrupts prescription against all joint tortfeasors. LA. CIV. CODE ANN. art. 2324(C). Here, the Myers allege that PSC was a joint tortfeasor with the original defendants, particularly Ms. Strybos, and interruption lasts as long as the suit is pending.

---

[1] On May 2, 2005, the court dismissed the claims against "ABC Insurance Company" and "XYZ Corporation" without prejudice for failure to prosecute or to substitute the proper defendants. American National Insurance Company was dismissed on October 12, 2006; Allstate Insurance Company was dismissed on July 16, 2007; Desirae Strybos was dismissed with prejudice on January 20, 2009.

2

No. 09-31171

However, "where no liability is found on the part of a timely sued alleged tortfeasor, then prescription is not interrupted as to untimely sued tortfeasors, as no joint or solidary obligation exists." *Renfroe v. State ex rel. Dept. of Transp. and Development*, 809 So.2d 947, 950 (La. 2002); *Levingston v. City of Shreveport*, 4 So.3d 942, 946 n.1 (La. App. Ct. 2nd Cir. 2009). Because all the timely defendants have been dismissed, including Desirae Strybos (who was dismissed *with prejudice)*,[2] it is not possible for them to be jointly liable with PSC. For that reason, the dismissed defendants are irrelevant to the Myers' claim against PSC, prescription against PSC is not interrupted, and the Myers' claim is untimely.

The Myers do not appeal the district court's determination that they did not present facts sufficient to demonstrate that the Amended Petition related back to the original filing under FED. R. CIV. P. 15(c). As such, we do not address that issue.

Finally, the Myers assert the doctrines of *contra non valentem* and equity to support their contention that prescription has not run. However, neither of those issues were raised at the district court. Matters which are not first presented to the district court are waived and should not be considered on appeal. *See, e.g.*, *Miller v. Nationwise Life Ins. Co.*, 391 F.3d 698, 701 (5th Cir. 2004) ("We have frequently said that we are a court of errors, and that a district court cannot have erred as to arguments not presented to it."). Thus, we decline to discuss the merits of those arguments.

For the forgoing reasons, the district court is **AFFIRMED.**

---

[2] Although the Myers argue that it is not true that Desirae Strybos was "not found liable" because they eventually settled with her, Ms. Strybos was dismissed with prejudice and for that reason cannot be a joint obligor with PSC.

3