PEATROSS, J.
 

 | defendant, Cochran Construction Company (“Cochran”), appeals a judgment of the trial court in favor of Plaintiff, Delores Thomas, for injuries sustained while Ms. Thomas was shopping at a County Market store and a light fixture fell and struck her on the head. The trial court found Cochran to be 100 percent at fault for Ms. Thomas’ injuries. Also before us is an Exception of Prescription filed by Cochran as an original matter in this court and referred by the court to the merits of the appeal. For the reasons stated herein, we find that the claim of Ms. Thomas against Cochran has prescribed; and, therefore, we sustain the Exception of Prescription, dismiss with prejudice the action against Cochran and vacate the judgment of the trial court in favor of Ms. Thomas.
 

 FACTS
 

 On June 2, 2004, Ms. Thomas was shopping at a County Market grocery store in Shreveport when a metal light fixture fell from the ceiling and struck her on the head. The store was undergoing construction in the produce area which entailed the demolition of a wall near where the light fixture fell. On June 1, 2005, Ms. Thomas filed suit against the grocery store,
 
 [1]
 
 seeking general and special damages for her injuries. County Market filed an answer generally denying any wrongdoing. By way of amended answer, County Market alleged that Cochran Construction Company was liable for any damages because Cochran had been hired by County Market to perform the demolition. Thus, on November 23, 2005, Ms. Thomas requested leave to file an amended petition adding Cochran as a defendant. |2The court granted leave and Cochran was added as a defendant by Supplemental and Amending Petition on November 25, 2005, 18 months after the accident. In the amended petition, Ms. Thomas alleged that Cochran negligently installed the light fixture and that Cochran’s negligence caused her injuries.
 

 Cochran responded with an Exception of Prescription in which it argued that Ms. Thomas’ claim against Cochran was filed more than a year after the accident. Ms. Thomas opposed the exception, arguing that her petition related back to the timely filing of the original lawsuit against the store because the store and Cochran were solidary obligors. The minutes of court reflect that the parties agreed to refer the exception to the merits of the case. The matter proceeded to trial in 2009; and, as previously stated, the court found Cochran to be 100 percent liable for Ms. Thomas’ injuries. The record does not contain a ruling by the trial judge on Cochran’s Exception of Prescription; and, therefore, the exception will be considered by this court as having been tacitly overruled. Ms. Thomas did not take a protective appeal of the judgment dismissing County Market from the suit, and the judgment finding no
 
 *119
 
 liability on the part of County Market is now final.
 

 Cochran now appeals the judgment in favor of Ms. Thomas and, as stated, has re-urged the Exception of Prescription in this court.
 

 ^DISCUSSION
 

 Exception of Prescription
 

 As previously stated, suit was timely filed against County Market, but not against Cochran. Cochran argues that Ms. Thomas’ claim against it has prescribed because (1) the judgment finding no fault on the part of the store (and finding Cochran 100 percent liable) is now final since none of the other parties appealed (Ms. Thomas failed to take a protective appeal); and therefore, (2) the lawsuit against Cochran was untimely because Ms. Thomas did not timely file suit against any obligor who has any fault for her injuries.
 

 Opposing the exception, Ms. Thomas argues that County Market and Cochran are solidary obligors; and, thus, prescription was interrupted with the timely filing against County Market.
 

 Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. Under article 3462, prescription is interrupted by the commencement of suit against the obligor in a court of competent jurisdiction and venue. Further, the interruption of prescription by suit against one solidary obligor is effective as to all soli-dary obligors. La. C.C. arts. 1799 and 3503. A suit timely filed against one defendant, however, does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to the plaintiff since no joint or solidary obligation would exist.
 
 Levingston v. City of Shreveport,
 
 44,000 (La.App.2d Cir.2/25/09), 4 So.3d 942,
 
 writ denied,
 
 1409—0673 (La.5/15/09), 8 So.3d 586. In the similar case of
 
 Adams v. Dupree,
 
 94-2353 (LaApp. 4th Cir.10/12/95), 663 So.2d 433,
 
 writ denied,
 
 95-2750 (La.1/26/96), 666 So.2d 676, our brethren in the fourth circuit explained:
 

 Initially, we observe that prescriptive statutes are strictly construed, and where there are two permissible constructions, that which maintains the action should be adopted. It is well settled that suit against one joint tortfeasor will interrupt prescription as to other joint tortfeasors. La.C.C. art. 2324(C). The same rule applies with respect to solidary obligors. La.C.C. arts. 1799, 3503. It is equally clear that if, after trial, it is determined that there is no
 
 in solido
 
 obligation, prescription may be successfully asserted by the untimely sued defendant who is cast in judgment. (Internal citations omitted.)
 

 In the case
 
 sub judice,
 
 because the timely sued defendant, County Market, was not found to be liable for the accident and no appeal was taken from that judgment, prescription against Cochran was not interrupted and Ms. Thomas’ suit against it has prescribed, unless some other basis exists to revive the suit, such as an avenue for relation back under La. C.C.P. art. 1153.
 
 See Renfroe v. State, Dept. of Transp. and Development,
 
 01-1646 (La.2/26/02), 809 So.2d 947.
 

 In that regard, La. C.C.P. art. 1153 provides for the relation back of pleadings:
 
 *120
 
 La. C.C.P. art. 1153 attempts to strike a balance between a plaintiffs right to proceed against the correct defendant and the defendant’s right to be free from stale and prescribed claims.
 
 Levingston, supra,
 
 New plaintiffs and | .^defendants may be added by amended pleadings if the applicable criteria are met. Article 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of the filing of the original petition:
 

 
 *119
 
 When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
 

 
 *120
 
 (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
 

 (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
 

 (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
 

 (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
 

 Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.,
 
 434 So.2d 1083 (La.1983).
 

 Cochran is a wholly new and unrelated defendant. Further, it is not disputed that Cochran did not have notice of the suit until after expiration of the prescriptive period. The criteria of article 1153 and
 
 Ray, supra,
 
 are not met in this case. The claim of Ms. Thomas against Cochran has prescribed.
 

 DECREE
 

 For the foregoing reasons, the Exception of Prescription filed by Cochran Construction Company is sustained and the claim of Delores Thomas against Cochran Construction Company is dismissed with prejudice. The judgment in favor of Delores Thomas and against Cochran | ^Construction Company is vacated. Costs of appeal are assessed to Delores Thomas.
 

 EXCEPTION OF PRESCRIPTION SUSTAINED, JUDGMENT VACATED.
 

 [1]
 

 . Originally named as defendants were TriState Foods, L.P. and/or Southeast Foods, Inc. of Mississippi, d/b/a County Market.